THE NATIONAL SPRAKER BANK of Canajoharie, Respondent, *v.* GEO. C. TREADWELL COMPANY, Appellant, Impleaded with Another.

*Promissory note of a corporation — that it was signed by its president, and not by its treasurer, is not a defense.*

The fact that a promissory note was made by the president of a corporation, and was not signed by its treasurer in accordance with the by-laws of the company, constitutes no defense to an action thereon if the paper was not diverted from its original purpose, went into the hands of a *bona fide* holder and the company received the benefit of the proceeds.

APPEAL by the defendant, the Geo. C. Treadwell Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Kings on the 28th day of February, 1894, upon the verdict of a jury rendered by direction of the court after a trial at the Kings County Circuit, and also from an order entered in said clerk's office on the 6th day of March, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Edward F. O'Dwyer*, for the appellant.

*William G. Cooke*, for the respondent.

DYKMAN, J.:

This is an action upon a promissory note, of which the following is a copy:

"ALBANY, N. Y., *March* 10, 1893.

"Five months after date we promise to pay to the order of Geo. H. Treadwell, five thousand $\frac{00}{100}$ dollars at Hotchkiss & Co.'s Banking House, 31–33 Broadway, New York, without defalcation, for value received.

"$5,000$\frac{00}{100}$.                    "GEO. C. TREADWELL CO.,

                    "GEO. H. TREADWELL, *President.*"

The note was indorsed by George H. Treadwell and Hotchkiss & Co.

The defense consisted of a denial of the making of the note by the company, but that did not signify that the note was not made by the president, but was based upon the theory that the president was destitute of authority to execute the paper.

It appeared from the evidence that the note was made and delivered to the plaintiff in renewal of a former note of the same party which had been discounted by the plaintiff.

When, therefore, the paper was produced by the plaintiff upon the trial and proven as it was, a case was made which required an answer.

The fact that the paper was made by the president of the corporation, and was not signed by the treasurer, in accordance with the by-laws of the company, constitutes no defense.

The paper was not diverted from its original purpose, and went into the hands of a *bona fide* holder, and the company received the benefit of the proceeds.

The defense failed, and as there was no disputed question of fact the court properly directed a verdict for the plaintiff.

The judgment should be affirmed, with costs.

BROWN, P. J., concurred.