I concur on the ground that the evidence was sufficient to go to the jury and that no exception was taken to the direction of a verdict.

Judgment affirmed, with costs.

---

SOLOMON NEWDOLL, as Administrator, etc., of ARTHUR NEWDOLL, Deceased, Appellant, *v.* JULIA YOUNG and Another, Respondents.

*Burden of proof in an action to recover damages for the death of the plaintiff's intestate.*

It is essential to the maintenance of an action, brought to recover damages resulting from the killing of the plaintiff's intestate by reason of the alleged negligence of the defendants, that the plaintiff should establish the freedom of his intestate from negligence which contributed to the result, if the deceased was *sui juris,* and if he was *non sui juris,* the same proof is requisite in relation to

his parents; the burden also rests upon the plaintiff to prove the violation of some duty by the defendants which they owed to the deceased.

APPEAL by the plaintiff, Solomon Newdoll, as administrator, etc., of Arthur Newdoll, deceased, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 26th day of October, 1893, upon the dismissal of the complaint directed by the court after a trial at the Kings County Circuit before the court and a jury.

*Foley & Powell,* for the appellant.

*Horace Graves,* for the respondent Young.

*William S. Cogswell,* for the respondent Thatcher.

DYKMAN, J.:

This is an action for negligence. The charge in the complaint against the defendant Julia Young is that she carelessly maintained a sand pit or excavation upon her land, and permitted various persons to take and carry away sand therefrom, and allowed the sand to be taken from an overhanging bank without support, without fencing or guarding the same in any way.

The charge against the defendant Thatcher is that he carelessly excavated underneath a portion of the sand pit and left it opened and exposed.

It is then stated that the child of the plaintiff, under seven years of age, entered the excavation to play in the sand, and was killed by the falling in of the overhanging bank.

The complaint was dismissed upon the trial, and the plaintiff has appealed from the judgment of dismissal.

It was essential to the maintenance of the action that the plaintiff should establish the freedom of his intestate from negligence which contributed to the unfortunate result, if the deceased was *sui juris.* If he was *non sui juris* then the same proof was requisite in relation to his parents, and the burden also rested upon the plaintiff to prove the violation of some duty by the defendants which they owed to the deceased.

The facts relevant to the first two questions are these: The deceased boy was over six years of age. He went voluntarily upon the premises without inducement or invitation from the defendants,

and entered the excavation to play in the sand. The excavation was deep and large, open and visible, and was overhung by a bank of earth. The dangerous character of the place was evident and apparent. The parents of the child both had knowledge of the existence of the dangerous opening in the earth, and had warned their child of the dangerous character of the place. Nevertheless, the child went directly into the pit and commenced to play in the sand, under the overhanging bank, and was killed as a consequence.

We think the facts make a plain case of contributory negligence against the child or the plaintiff, or both.

Respecting the negligence of the defendant Young, assuming the lot in question to belong to her, it is to be said that she had the legal right to use her land according to her wish and leave it as her interest or her convenience might dictate. The record discloses no circumstance which created any duty on her part to keep the premises in a safe condition. No duty was imposed upon her to protect the excavation. It is true. the public had been permitted to cross the lot, but it was a case of mere permission, and the excavation was old and well known to the deceased and the plaintiff.

As regards the defendant Thatcher, there is not the slightest ground for liability. He neither made the excavation nor controlled it in any way. All he did was to take sand from the pit, as many others had done before him.

Our conclusion is that the complaint was properly dismissed, and that the judgment should be affirmed, with costs.

CULLEN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.