HUGH J. GRANT, as Temporary Receiver of THE SAINT NICHOLAS BANK of New York, Plaintiff, *v.* GEORGE C. TREADWELL COMPANY, Impleaded with Another, Defendant.

*Promissory note of a corporation — not executed in accordance with its by-laws — when the corporation is liable thereon.*

If the president of a corporation has been in the habit of executing notes in the name of the corporation, and his acts in so doing have never been repudiated or questioned by the directors of the corporation, and some of such notes have been paid by the corporation, the fact that the corporation received the avails of two notes so executed by the president, together with the fact that the president was not guilty of wrongdoing or of diverting the obligations of the company or their proceeds in executing the notes in the name of the corporation, is sufficient, in an action brought to recover the amount of the same, to sustain a finding by the jury that the president was authorized to execute the notes, or that their execution had been ratified by the corporation, although the by-laws of such corporation prescribed that its promissory notes should be signed by its treasurer together with its president or secretary.

MOTION by the plaintiff, Hugh J. Grant, as temporary receiver of the Saint Nicholas Bank of New York, for a new trial on a case containing exceptions, ordered to be heard at the General Term in the first instance, upon the dismissal of the complaint, directed by the court after a trial before the court and a jury, at the New York Circuit on the 17th day of May, 1894.

February 1, 1892, the "George C. Treadwell Company" was incorporated under the laws of New Jersey, and had places of business at the cities of New York and Albany in this State. From the date of the organization of the corporation and until April 17, 1894, George H. Treadwell was its president and general manager.

August 21, 1893, two promissory notes for $2,500 each were made, of which the following is a copy:

"$2,500$\frac{00}{100}$.          ALBANY, N. Y., *Aug.* 21, 1893.

"Four months after date we promise to pay to the order of Geo. H. Treadwell twenty-five hundred $\frac{00}{100}$ dollars at Hotchkiss & Co.'s Banking House, New York, 31 and 33 Broadway.

"GEO. C. TREADWELL CO.

"Value received.                    By GEO. H. TREADWELL,
"No. ——.   Due Dec. 24.              *President.*
"Indorsed : GEO. H. TREADWELL."

The two notes were precisely alike. Both were written by George H. Treadwell, president, and were indorsed by him individually and were discounted by Hotchkiss & Co. for the benefit of the corporation. Shortly afterwards and before the notes came due they were transferred by Hotchkiss & Co. to the Saint Nicholas Bank for value, which received them in good faith. This bank subsequently failed, and the plaintiff was appointed temporary receiver thereof.

*John M. Bowers* and *Latham G. Reed,* for the plaintiff.

*Daniel G. Thompson,* for the defendant.

FOLLETT, J. :

At the close of the plaintiff's case the court, on defendant's motion, dismissed the complaint, and the plaintiff excepted and asked that the question of the power of the president to execute the notes be submitted to the jury, which request was refused, and the plaintiff excepted.

' The inherent power of the defendant corporation to bind itself by promissory notes was not questioned on the trial. The sole question litigated at Circuit was whether the president of the defendant had authority to bind it by these promissory notes, and the only question presented on this motion is, was the evidence sufficient to authorize the jury to find that the president had such power ? George H. Treadwell held two offices — he was the president and also the general manager of the corporation, and was the largest stockholder in the company. '

The by-laws prescribed the power of the president as follows : "The president of the company shall be the general executive officer of the company, and shall have the general supervision of . its business affairs. * * * He shall preside at all meetings of the board, and generally he shall perform all duties pertaining to the office of president."

The powers of the general manager were prescribed by the by-laws as follows : "The general manager of the company shall * *. * have power to purchase goods for the said company, both in the United States and in foreign countries, and to fix and establish the price for which goods are to be sold, both. at wholesale and

retail; he shall have power to employ and discharge clerks, porters and servants connected with the purchase and sales department of the said business, and shall, under president of said company, have supervision of the whole business of the said company, and shall perform such further duties as shall from time to time be assigned to him by the board of directors."

How many directors there were does not appear, but it seems from the case that they did not, as a board, exercise any control over the affairs of the corporation during 1893, but left the whole management of the business to the president, and to him was left the duty of raising money and paying the debts of the defendant.

A by-law of the corporation was introduced which provides: " He (the treasurer) shall, together with the president or the secretary, accept and indorse drafts and sign and indorse promissory notes for the purpose of the purchase of merchandise for the company's use and sale, and other necessary expenditures, to an amount that shall not exceed at any one time outstanding twenty per cent of the paid-up capital." It is urged that under this by-law the note not having been signed by the treasurer, is not binding upon the company.

In *The National Spraker Bank* v. *George C. Treadwell Co.* (80 Hun, 363) it was held that the fact that a promissory note was not signed by the defendant's treasurer, in accordance with the by-laws, constitutes no defense to an action on a note in the hands of a *bona fide* holder, the corporation having received the benefit of the proceeds.

In this case it was shown that the president executed, in the name of the corporation, other notes for its benefit, some of which were paid before the defendant passed into the hands of a receiver, and some were not; and there is no pretense that the president's acts have been repudiated or even questioned by the directors, nor is it asserted that he was guilty of any wrongdoing or that he had diverted the obligations of the company or of their proceeds. The fact that the defendant received the avails of these notes, together with the other facts in the case, was sufficient to have sustained a finding that the president was authorized to execute these two notes, or that their execution had been ratified, which is the equivalent of

original authority. Whether the president was authorized to make the notes should have been submitted to the jury, and the court erred in dismissing the complaint of the plaintiff, whose exceptions should be sustained and a new trial granted, with costs to him to abide the event.

VAN BRUNT, P. J., and PARKER, J., concurred.

Plaintiff's exceptions sustained and a new trial ordered, with costs to him to abide event.