SOLON H. HOWELL *v.* ILLINOIS CENTRAL RAILROAD COMPANY.

1. RAILROADS. *Personal injury. Infant. Contributory negligence.*

It is contributory negligence, as a matter of law, for an active, intelligent boy between twelve and thirteen years old, wrongfully on a train, who has knowledge of the danger thereby incurred, to voluntarily jump from the train while the same is running at a speed of twenty miles an hour.

2. SAME. *Unlawful rate of speed. Code* 1892, § 3546.

Where one wrongfully on a train running through an incorporated town faster than six miles an hour is injured in voluntarily jumping therefrom, the company's liability is not affected by the fact that the speed had been wilfully increased beyond the lawful rate, since there is no causal connection between that act and the injury.

FROM the circuit court of Copiah county.

HON. ROBERT POWELL, Judge.

Action by plaintiff for damages for the killing of his son, Solon H. Howell, Jr., an infant, at Hazlehurst, Miss., on May 2, 1895. The jury was instructed to find for the defendant, and plaintiff appealed from the judgment entered upon the verdict.

*W. Calvin Wells*, for the appellant.

Defendant was not entitled to a peremptory charge in its favor. *Railroad Co.* v. *Doyle*, 60 Miss., 985; *Packet Co.* v. *Edwards*, 62 *Ib.*, 534; *Railroad Co.* v. *McArthur*, 43 *Ib.*, 180; *Goodman* v. *Foxworth*, 48 *Ib.*, 608; *Assurance Co.* v. *Mayer*, 64 *Ib.*, 797; *Tribette* v. *Railroad Co.*, 71 *Ib.*, 227; *Holmes* v. *Simon*, 71 *Ib.*, 245; *Richardson* v. *Tolliver*, *Ib.*, 966; *Nesbitt* v. *Greenville*, 69 *Ib.*, 22; *Cantrell* v. *Railroad Co.*, *Ib.*, 438; *Lowenstein* v. *Powell*, 68 *Ib.*, 73; *State* v. *Spengler*, 74 *Ib.*, 129.

The fact of the killing of plaintiff's son by the running of its trains made a *prima facie* case of liability, under § 808, Code of 1892. The defendant rested under the burden of all the necessary exculpatory facts. *Railroad Co.* v. *Hamilton*, 62 Miss., 503; *Railroad Co.* v. *Phillips*, 67 *Ib.*, 250; *Railroad Co.* v. *Phillips*, 64 *Ib.*, 693; *Railroad Co.* v. *Bourgeois*, 66 *Ib.*, 385. A precedent wrong of the injured person does not prevent the application of the statute. *Railroad Co.* v. *Phillips*, 64 Miss., 693; *Railroad Co.* v. *McGowan*, 62 *Ib.*, 683; *Roberds* v. *Railroad Co.*, 74 *Ib.*, 334. Where trains are run through corporate towns faster than six miles an hour, as in this case, the company becomes liable for all injuries sustained by anyone from the locomotive or cars of the company while so running contrary to the statute. Code 1892, § 3546.

The answer to the defense of contributory negligence is twofold: (1) The plaintiff's son was killed by the running of the train, and the law imputes negligence to the defendant; (2) the train was running through Hazlehurst faster than six miles an hour. It is clear, moreover, that the speed of the train was

wilfully increased by the employes in charge of the same, after plaintiff's son and the other boys embarked on the train. When defendant's negligence is wilful, contributory negligence is not a defense. Beach on Contributory Negligence, 46, 50, 63, 64, 65, 416; *Wallace* v. *Merimack*, 134 Mass., 96; *Banks* v. *Highlander*, 136 *Ib.*, 485; *Palmer* v. *Railroad Co.*, 112 Md., 250; *Cates* v. *Railroad Co.*, 98 Md., 552; *Bottoms* v. *Railroad Co.*, 114 N. C., 717; Cooley on Torts, p. 674; 2 Thompson on Negligence, 1160.

There is nothing in the record to show that the deceased boy ever undertook to get off the train; and we are in the dark as to those facts upon which the charge of contributory negligence must rest. It is also by no means clear that one of his tender years has such capacity as to warrant the defense of contributory negligence. *Railroad Co.* v. *Hirsh*, 69 Miss., 135; *Railroad Co.* v. *Caldwell*, 74 Pa. St., 421; *Westbrook* v. *Railroad Co.*, 66 Miss., 596; *Railroad Co.* v. *Delaney*, 82 Ill., 201; *City of Vicksburg* v. *McLain*, 67 Miss., 14; *Railroad Co.* v. *Mackey*, 29 L. A. R., 757; 57 Tex., 126; 22 Kan., 692; *McMullein* v. *Railroad Co.*, 46 Ia., 233; *Plumley* v. *Burse*, 124 Mass., 57; *Drake* v. *Kiely*, 93 Pa. St., 497; *Railroad Co.* v. *McWhirter*, 77 Tex., 330; *Kerr* v. *Forgee*, 54 Ill., 482; *Dowd* v. *Inhabitants*, 116 Mass., 93; *Sherman* v. *Railroad Co.*, 72 Mo., 65; *Brennan* v. *Fairhaven*, 29 Am. Rep., 679; *Avery* v. *Railroad Co.*, 16 S. W. Rep.. 1015; *Muelhauser* v. *Railroad*, 91 Mo., 332, 334; *Railroad Co.* v. *Moore*, 83 Ga., 453; *Beddle* v. *Railroad Co.*, 112 Pa., 557; *Railroad Co.* v. *Bohn*, 29 Mich., 513; Beach on Con. Neg., sec. 204; *Dowling* v. *Allen*, 88 Mo., 293.

*Mayes & Harris*, for appellee.

We insist that there is no negligence shown in this case of which the plaintiff can complain. The only negligence that they could charge was, that the train's running through the town at a greater rate of speed than six miles an hour was negligence.

But we insist that it is not negligence of which the plaintiff can complain or the deceased could have complained. The negligence of which the plaintiff could complain, or of which the deceased could have complained, is of some breach of duty to him, and it cannot be pretended that the company owed him any duty to slacken the speed of its train through the town of Hazlehurst, and, therefore, it was no negligence as to him; and, if it was negligence, unquestionably, according to their own showing, it was offset by the contributory negligence of the plaintiff.

It is urged by appellant, among other things, that the court erred in giving the peremptory instruction, because it should have been left for the jury to pass upon the question as to young Howell's capacity. But we think it too plain to require argument or citation of authority, that there was nothing in this point, and we think it is abundantly settled by authority that the court was right in not submitting that fact to the jury. Mr. Beach on Contributory Negligence (2d ed.), sec. 117, states the rule to be: " When there is no doubt as to the capacity of the child, at one extreme or the other, to avoid danger, the court will decide it as a matter of law." Some of the cases holding, as a matter of law, that children are guilty of contributory negligence, are as follows: 53 Me., 384; 88 Mo., 293; 64 Mich., 196; 39 Minn., 164; 35 Minn., 256; 124 N. Y., 308; 137 Mass., 179; 141 Mass., 335; 46 Mich., 504; 97 Ill., 71; 56 Iowa, 496; 93 N. C., 92; 100 Pa. St., 144; 95 Pa. St., 398; 39 Mo., 438; 126 Mass., 377; 14 R. I., 314; 88 Pa. St., 520; 23 Kan., 347, child four years and eight month; 24 Kan., 627, child of five years; 85 Iowa, 634, boy nine years; 64 Fed. Rep., 830, boy nine years; 80 Hun (N. Y.), 364, boy of six years warned; 54 Kan., 551, boy between nine and ten warned. See, also, 2 Am. & Eng. Enc. L., 750. These cases cover all ages between seven and fourteen.

Of course, we recognize the well-settled rule that where there is a dispute or controversy as to facts, the case is for the

jury.   But where the facts are as clearly made up as in this case, there is nothing for the jury to pass on.

The burden of proof is on the plaintiff to show in this case that the child of thirteen years of age was not of sufficient capacity to appreciate the danger, or to be clear of contributory negligence.   On the contrary, the plaintiff has shown by his own witnesses that the child was one of exceptional capacity and was fully warned as to the danger, and on these points there is no dispute.

There is no fixed rule or fixed age in civil actions governing this matter.   It is true that when we get into the realm of criminal law the case is different, and it is there held that the burden of proof is on the prosecutor to show that the defendant was of capacity to understand the character of his act, and in certain cases, in regard to certain crimes, there are conclusive presumptions of innocence or absence of guilty intent within certain ages.   But these rules do not apply to civil controversies and actions of tort, either where the infant is plaintiff or defendant.

We deny that this was a breach of duty, or that a trespasser on a train can be heard to complain that the rate of speed was such that he could not get off in safety.   In the absence of any compulsion or inducement on the part of the agents of the company, and where his act is voluntary, the statute in regard to the rate of speed through towns and cities is not intended for the protection of parties on the train, even if the parties are rightfully there as passengers.   The train in question here was a through freight train, not intended for passengers, one on which it was against the rules of the company to carry passengers, and if the parties had been passengers, by a positive statute of this state, the company would have been liable only for gross negligence.   See § 3557, Code of 1892.   While running through a town at a greater rate of speed than six miles an hour has been said by our courts to be negligence *per se*, it has never been held that it is gross negligence *per se*, and

certainly if the company would only be bound to a passenger for gross negligence, can it be contended—will this court hear argument on the proposition—that a higher duty was owed to this boy, who was a trespasser, a violator of the law?

This court has held, in repeated cases, that to a trespasser on the train or on the track, be he infant or adult, the company owes no duty other than not to wantonly or wilfully injure him. *Christian* v. *Railroad Co.*, 71 Miss., 237; *Railroad Co.* v. *Williams*, 69 Miss., 631; *Railroad Co.* v. *Watly*, *Ib.*, 145. Appellant also relies upon some claim to error in the action of the court below, by reason of some presumption to which they claim the plaintiff is entitled under the code of 1892, § 1808. That section provides that proof that the injury to persons or property was inflicted by the running of locomotives and cars, shall be *prima facie* evidence of the failure to exercise reasonable care or skill with reference to the injured.

Now, we grant that if there was nothing in the case beyond bare proof that the injury was inflicted by the running of the cars, the plaintiff would be entitled to the benefit of the statute, and the presumption would attach. But we insist that, for the plainest reasons, the statute invoked cannot find operation in this case:

1. Because all the facts are in evidence, and, that being so, the presumption must yield to the facts. *Railroad Co.* v. *Phillips*, 64 Miss., 696; *Railroad Co.* v. *Holt*, 62 Miss., 170; *Railroad Co.* v. *Hamilton*, *Ib.*, 503. As Judge Campbell said, in 64 Miss., 704, speaking of this statute: "The statute does not require the company to furnish exculpatory evidence when the facts shown aquit of blame. It means that injury inflicted, unexplained, calls for exculpation, for it imputes blame in every case of injury inflicted by the running of locomotive or cars until the facts shown relieve from the imputation.

2. We say that this statute can have no application, therefore, because the facts all being in evidence, the circumstances all being fully shown, even by plaintiff's own evidence, a

case is developed to which the statute has no application.   It is shown that the injury in this case was to a party who was on the cars.   There is no evidence that he was struck by the cars after he had gotten off, as in the Phillips case.   64 Miss., 693.

Now, this court will certainly apply some common sense to this case, and it is perfectly manifest from the proof that the plaintiff's son came to his death in one of two ways.   He was either killed in attempting to alight voluntarily from a train at night, which the plaintiff contends was running at a highly dangerous rate of speed, or he fell off—accidently fell off—and in neither case would the defendant be liable.   There is no pretense that he was thrown off or forced off by any of the company's employes, as we have shown by the testimony.   There is no causal connection between the negligence and the injury complained of.   In other words, the rate of speed was not such as to endanger one on the train—that is, to make his remaining there unsafe.   If it had been so reckless that one could not remain on the train with safety, and, in consequence thereof, the boy fell off, there would have been a causal connection.   But the case of the injury here was the attempt of the boy to get off the train at the rate of speed at which it was going, and, until it can be shown that it was the duty of the railroad company to slacken its speed and accord to a trespasser on the train rights which would not be accorded to one rightfully there, there cannot be anything in the case on this point.   See *Railroad Co.* v. *Hart*, 61 Miss., 468; *Railroad Co.* v. *Trotter*, *Ib.*, 417.

Argued orally by *W. Calvin Wells*, for the appellant, and by *J. B. Harris*, for the appellee.

WHITFIELD, J., delivered the opinion of the court.

The testimony shows without contradiction that Solon H. Howell, Jr., was an unusually bright boy for his age; that he was killed by appellee on May 2, and would have been thirteen on his next birthday, June 17; that he was an active

boy, expert in jumping on and off moving trains; that he did this for two years before his death, constantly in the day time, and on some few occasions at night; that he had been repeatedly warned by various parties, of the danger of this practice, and that his father had often chastised him for this, and had positively forbidden it; that he heard the boys discussing the risk of attempting to get off the train, which was going through Hazlehurst, at a rate of speed possibly of at least twenty miles an hour; that the boys (most probably Solon also), had been put off near Crystal Springs, and forbidden to re-embark on the train; that they got back on the train—a special through freight, not scheduled to stop at Hazlehurst; that the conductor, in the hearing of Solon, ordered all the boys again to get off, and upon their refusing to do so unless he stopped the train, said he would give them a sweet ride through Hazlehurst; that he did increase the speed; that Solon knew it was increased; that the train went through Hazlehurst at at least twenty miles an hour; that some of the boys got off as soon as the conductor made this threat; that the others debated whether it was too dangerous to attempt to get off, some thinking one way and some the other; that finally, one made the attempt and got off, and all followed except Solon; that the last one to get off told Solon to be careful, and that the last seen of Solon was that he was standing up on this flatcar, waiting for the last boy to get off who preceded him; that he, attempting to get off or having accidentally fallen off, was in some way probably dragged some little distance, and found with his head crushed into fine pieces, and his left arm cut near the shoulder to the bone and broken, his under jaws broken, and some other injuries, breathed a few times and died. There was blood and some hair on the rail. The engineer, so it was testified, had told Solon that if he did not stop at Hazlehurst, he would go slow enough for anyone to get off. It was shown without contradiction by some of the boys who got off at Hazlehurst that it was extremely dangerous to make the

attempt, and that "anyone with any discretion at all" would know it was dangerous.    These are the material facts.

On these facts we think the court could not have done otherwise than give the peremptory instruction.

The controlling question in this case is whether the boy, Solon Howell, Jr., was—in his situation, and of his age—chargeable with contributory negligence.    Ordinarily, of course, this question is one controverted on the facts, and is, hence, ordinarily, to be left to the jury.    But where the facts are absolutely without conflict, and all establish capacity sufficient to know and appreciate the peril of his situation, there is nothing on this point to be left to a jury.    There is no room for presumptions as to capacity when the proof uncontradictedly shows capacity.    The rule is thus stated in *Merryman* v. *C. R. I. & P. R'y Co.*, 85 Iowa, p. 638:  "There are numerous cases which hold that the question of negligence on the part of minors is for the jury to determine, and such is the rule where the ability of the minor to comprehend the result of his acts, and the danger to which they will expose him, is controverted.    But this case involves no question of that kind"—there being there, as here, no controversy on that point.    And Beach announces the rule thus, sec. 117, Contributory Negligence:  "Unless the child is exceedingly young, it is usually left to the jury to determine the measure of care required of the particular child in the actual circumstances of the case.    Where there is no doubt as to the capacity of the child to avoid danger, at one extreme or the other, the court will decide it as a matter of law."    And see sec. 136.    In the Iowa case, *supra*, the boy was thirteen; in *Newdail* v. *Tony*, 80 Hun, 364, the child was under seven; in *Cleveland, etc., R'y Co.* v. *Fortt*, 64 Fed. Rep., p. 831, the boy was over eight years; and in all these cases the court determined, as matter of law, that the minor was chargeable with contributory negligence, and could not recover.

It is immaterial, in this case, what the engineer said, since Solon knew the train would not stop, but was going at an in-

creased rate of speed. It is undoubtedly true that contributory negligence is not a defense where the injury is caused by an act of the defendant wilfully done. But there must be causal connection between the act causing the injury and the injury. Here, conceding the increasing of the speed to be wilful, there is no causal connection between that act and the injury. It was not the rate of speed which caused the injury, but getting off, or attempting to get off, or falling off in attempting to get off, in the face of that rate of speed. Had the boy remained on, there is no room to believe the injury would have occurred.

It is said that it is not shown how the boy came to his death. It is true that that is not very clearly shown. But it is shown that he was last seen standing up, waiting for the last boy who preceded him to climb around and down, and jump or drop off, and that he knew it was dangerous, extremely dangerous, to do that, and that he was dragged some little distance, the injuries being of the character stated—either having voluntarily attempted to get off or accidently fallen off. In either case the appellee would not be liable. It did not force him off, as in Phillips' case, 64 Miss., 493. It owed him, a trespasser, no duty, save not wilfully to injure him. Where it is shown that one is a trespasser, and is injured by the running of the cars at a greater rate of speed than six miles an hour through an incorporated town, neither fact is determinative. The trespasser is not precluded from recovery on the sole ground that he is a trespasser, nor is the railroad company liable solely because it is violating the law as to speed.

Trespassers cannot recover for mere negligent injury. But whilst it is true here that the boy was injured by running cars, it is also shown that he was not injured because they were running, but because he attempted to get off voluntarily, or accidentally fell off. It was the getting off or falling off that caused the injury—without which it would not have occurred. Brantley, in Phillips' case, in 64 Miss., 693, neither got off voluntarily, nor fell off as the result of an accident uncaused by the

company's officials.   They were cursing him, and forced him off, and he fell off whilst they were thus forcing him off.   They directly caused his accidental falling off.   The facts here are wholly different.

We have examined all the authorities cited by learned counsel for appellant, but find no conflict between them and the views herein announced.   Our sympathies have been deeply enlisted for this unfortunate boy and his parents, and our indignation greatly aroused by the atrocious conduct of this conductor in increasing the speed of this train, as he manifestly did, but we sit as a court to administer the law, unswayed by sympathy or indignation.

*Affirmed.*