(56 Misc. Rep. 389.)

BIGELOW CO. v. AUTOMATIC GAS PRODUCER CO. et al. (two cases).

(City Court of New York, Trial Term. November, 1907.)

1. CORPORATIONS—NOTES—LIABILITY.

Where the benefit of a note signed by the president of a corporation has been received by the corporation, and there is no question of fraud, the note is a valid obligation against the maker and the indorser, though the by-laws of the corporation provide that its notes must be countersigned by its treasurer, as well as signed by the president.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, §§ 1707–1719.]

2. BILLS AND NOTES—CONSIDERATION.
        Under Negotiable Instruments Law, Laws 1897, p. 727, c. 612, § 51, a note
given in payment of a pre-existing debt, is given for value.

Actions by the Bigelow Company against the Automatic Gas Producer Company and Alfred H. Bronson. Judgment for plaintiff.

Santiago P. Cahill, for plaintiff.
A. G. N. Vermilya, for defendants.

GREEN, J.   These are two actions brought by the plaintiff against the defendants upon two promissory notes made by the defendant Automatic Gas Producer Company and indorsed by the defendant Bronson. The action designated as action No. 1 is brought upon a note for $1,200 and interest, amounting to $40.60, making a total of $1,240.60. The second action, or action No. 2, is brought upon a note for $1,000 and interest, amounting to $29.17, making a total of $1,029.17. Both causes were tried before a jury, and at the close of the whole case plaintiff's counsel moved for a direction of a verdict in each action, and the defendant's counsel for a dismissal of the complaint, whereupon it was agreed that the jury be discharged and that the questions be submitted to the court without a jury.

The real point involved in these actions is as to the authority of the president of the defendant company to bind the company, in the absence of specific authority to sign the note as president, and in the case of a standing existing by-law of the defendant corporation that notes must be signed by the president and countersigned by the treasurer. The notes in question were concededly signed by the corporation by its president, but were not countersigned by the treasurer, and the defendant corporation claims that, in consequence thereof, the notes are not legal obligations of the defendant corporation, and, being issued without authority, the notes and the indorsements create no legal obligations against the defendants. The evidence, however, shows that the plaintiff in the action was doing business with the defendant company, of which the defendant Bronson was a director, and that the notes were made by the president in payment for work, labor, and services performed by the plaintiff for the defendant, of which work, labor, and services the defendant corporation received the benefits and enjoyment, and that the president was virtually the manager of the company, generally managing its business. One of the notes was a renewal of a previous note given for the same purpose, and there is no claim in this case that there is any fraud, or that the corporation did not receive the benefits derived from the work and labor for which the notes were given. It is true that at the time the notes were given they were in payment of a pre-existing debt, but that is sufficient to constitute value under section 51 of the negotiable instruments law (Laws 1897, p. 727, c. 612).

The only question remaining in this case is as to whether the execution of a promissory note for value by the corporation through its president, but without the signature of the treasurer, as required by the by-laws of the corporation, creates a legal obligation against the corporation. Numerous authorities hold that in such cases, where the

paper is not diverted from its original purpose, and the company received the benefits of the proceeds, and the paper is in the hands of a bona fide holder, that a valid legal obligation is created. In the case of National Spraker Bank v. Geo. C. Treadwell Co., the court held that:

"The fact that the paper was made by the president of the corporation, and was not signed by the treasurer, in accordance with the by-laws of the company, constitutes no defense," as "the paper was not diverted from its original purpose, and went into the hands of a bona fide holder, and the company received the benefit of the proceeds." National Spraker Bank v. Treadwell Co., 80 Hun, 364, 30 N. Y. Supp. 77.

In a case involving the same defendant as the case above cited, and in which the trial justice directed a verdict for the plaintiff, he said:

"I assume that the president of the company, Mr. Treadwell, had no direct authority as such, under the by-laws, to make promissory notes binding the company, and that by the restrictive provisions of those by-laws obligations of the company might only be executed in a certain way. That would not render a promissory note signed in the way in which this was, and delivered under the circumstances under which the notes were delivered, of no force as against this corporation, if it is made to appear in the case that the conduct of the corporation was such with reference to the acts of the president in similar matters as to produce a well-founded belief that he was authorized to make promissory notes of this character."

The Appellate Division of the First Department, commenting upon the language of the trial justice, said that he had correctly stated the law and that nothing was left to be added by the appellate tribunal. Grant v. Treadwell Co., 1 App. Div. 370, 37 N. Y. Supp. 392. See, also, Grant v. Treadwell, 82 Hun, 591, 31 N. Y. Supp. 702.

While there seems to be some doubt whether the mere fact that a note is signed by the president and treasurer is sufficient to establish the validity of the note, however, in order to do so, there should be proof of the specific authority to affix the corporate name to the note as its obligation, or that the corporation received the avails of the note, or that there was a course of business which justified the person in accepting it as the obligation of the corporation. National Bank of Newport v. Snyder Mfg. Co., 107 App. Div. 97, 94 N. Y. Supp. 982. In the case at bar there was a course of dealings with the defendant, the defendant corporation received the benefits of the note, no question of fraud or bad faith is raised, and I am of the opinion that the notes in suit are valid legal obligations as against the defendant corporation and the indorser, notwithstanding the restrictive provisions of the by-laws of the corporation.

The motions of defendant's counsel for the dismissal of the complaints are denied. The motions of plaintiff's counsel for directions of verdicts are granted. In the action known as "No. 1" a verdict is directed for the sum of $1,240.60, and in action No. 2 for the sum of $1,029.17. A stay of 10 days and 30 days to make a case in each action is granted, and defendant may have exceptions of the denial of the motions to dismiss the complaints.

Ordered accordingly.