Yazoo & M. V. R. Co. *v.* Tatum.

(Division A. Nov. 4, 1935.)

[163 So. 893. No. 31881.]

E. C. Craig, of Chicago, Ill., Burch, Minor & McKay, of Memphis, Tenn., and E. H. Ratcliff, of Natchez, for appellant.

J. T. Lowrey and F. A. Anderson, Jr., both of Gloster, and C. T. Gordon, of Liberty, for appellee.

Argued orally by **E. R. Ratcliff**, for appellant, and by **J. T. Lowrey**, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment for damages caused by a personal injury to the appellee, and the appellant's complaint is that the court below erred in not directing the jury to return a verdict for it.

The appellant's railroad runs north and south through

a portion of Amite county, passing through the town of Gloster and a village named Crosby, north of it. This village, on the occasion in question, was known as Stephenson, and we will herein so designate it.

While one of the appellant's freight trains was passing through Gloster, at a speed of between ten and fifteen miles an hour, the appellee attempted to board its caboose, but fell while so doing and was injured. He was not a passenger on the train; had purchased no ticket for that purpose; and did not intend to pay for riding thereon.

From this it appears that the proximate cause of the appellee's injury was his own negligence in attempting to board a moving train. Howell v. Illinois C. R. Co., 75 Miss. 242, 21 So. 746, 36 L. R. A. 545.

Appellee says, however, that, notwithstanding this, the appellant should pay him for his injury. In support of this contention, his evidence discloses that while the train was at Gloster he met a special agent who was accompanying the train for the purpose of preventing trespassers from riding thereon. This special agent introduced the appellee to the conductor; the three took two drinks of whisky, and the special agent and the conductor invited the appellee to go with them on the train, which was then proceeding north, until it should meet a southbound train on which he could return to Gloster. The train started before the appellee boarded it, but, with the consent of the conductor and the special agent, he caught and boarded a tank car therein, which was several cars ahead of the caboose. When the train reached Stephenson, he left the tank car and proceeded to the rear of the train for the purpose of boarding the caboose, but the train started before he could do so. The special agent and the conductor, who were in the caboose, saw him and invited him to board the moving train.

He says that although he would not have been, technically, a passenger had he succeeded in boarding the train, but would have been a trespasser thereon, never-

theless he would not have been a willful trespasser because of the invitation extended to him by the conductor and special agent to board it, and, therefore, its servants owed him the duty not to willfully or wantonly injure him.

The negligence claimed, which the appellee says was willful and wanton, was in the invitation extended him to board the moving train. The extending of this invitation may have been grossly negligent, but it was not extended in the discharge of any duty owed by the special agent and the conductor to the appellee, but was wholly without the scope of their employment. The acceptance of the invitation rested wholly with the appellee, and, at most, imposed upon the appellant, through its servants, the duty not to wantonly or willfully injure him while he was attempting to board the train.

But it is said by the appellee that the special agent and the conductor knew that he had been drinking, and therefore the duty devolved upon the appellant, through them, to exercise care commensurate with his drunken condition, to prevent him from being injured by the operation of appellant's train, and the extension of the invitation to board it in his drunken condition was a gross violation of that duty.

We are not here called upon to determine the merits of this contention, if the facts on which it is based were true. It is clear that the appellee was not intoxicated. He, himself, says that he was not, but that he did feel the effects of his two drinks of whisky. He said he was fully conscious of the situation, knew what he was doing, and that it was dangerous to attempt to board a moving train, but that he "took a chance to catch it."

The court below should have directed a verdict for the appellant.

We have left out of view section 1111, Code of 1930, which makes jumping on or off a moving railroad train a criminal offense.

Reversed, and judgment here for the appellant.