[No. 13031.  Department One. — February 28, 1890.]

J. S. CARTER ET AL., RESPONDENTS, *v.* THE GREEN MOUNTAIN GOLD MINING COMPANY, DEFENDANT, AND F. REGOZZI ET AL., APPELLANTS.

ATTACHMENT— PREFERRED CLAIMS OF LABORERS—SERVICE UPON PLAINTIFFS' ATTORNEY — INTERVENTION. — The service of notice of preferred claims of laborers, under section 1206 of the Code of Civil Procedure, may be made upon the attorney for the attaching creditor. The proceeding by the preferred claimants is in the nature of an intervention, and though they are not formal parties to the action, they are in effect parties to it, and obtain benefit from it. The notice is not the initiation of a new and independent proceeding requiring service, like a summons, upon the parties, and not their attorney.

ID. — AUTHORITY OF PLAINTIFFS' ATTORNEY. — The attorney for the plaintiffs in an action is their agent for all of its purposes, and on him all papers made by defendants and counterclaimants are to be served. He may direct the sheriff as to what property he shall seize, and may receive and receipt for any money realized from a sale thereof.

APPEAL from an order of the Superior Court of Plumas County distributing the proceeds of the sale of attached property.

The facts are stated in the opinion.

*Goodwin & Goodwin,* for Appellants.

*W. W. Kellogg,* for Respondents.

BELCHER, C. C.—The facts out of which the controversy in this case arises are as follows:—

The defendant was a corporation engaged in quartz-mining at Crescent Mills, in Plumas County. On the 30th of September, 1887, the plaintiffs commenced an action against the defendant to recover a debt due for goods, wares, and merchandise sold and delivered, and at the same time took out a writ of attachment, which on the next day was levied by the sheriff on all of defendant's personal property. Such proceedings were afterward had in the action that on the 24th of October, 1887, judgment for more than three thousand three hundred dollars was entered therein in favor of the plaintiffs, no part of which had been paid. The personal property so attached was, on the 17th of December, 1887, sold by the sheriff under execution for the sum of $991.48, over and above all his costs, and this sum was thereafter duly paid into court on his petition, showing that conflicting claims were made upon him for the money.

The appellants — fifty-one in number — were miners, and during the sixty days next preceding the levy of the attachment were employed by the defendant as laborers in and about said mine. Their claims for the labor so performed amounted in the aggregate to $3,488.18, no one of them, however, being for more than $100. Before the sale, — that is, on the 21st of October, — each one of the appellants made out and duly verified his claim as required by law, and the same was certified to be correct by the superintendent of defendant. Three days later, copies of these claims, with notice attached that the claimant demanded that the amount thereof be paid to him out of the proceeds of the sale of any property of the defendant as a preferred claim, under sections 1206 and 1207 of the Code of Civil Procedure, were delivered to the sheriff and to the attorney of the plaintiffs in the action; and on the same day like copies of a portion of the claims and notice were served on the defendant by delivery thereof to its superintendent and managing agent. All of the claims, as originally sub-

scribed and sworn to, with the notice and proof of service attached, were then filed by the clerk with the papers in the said action.

None of the claims were disputed by either the plaintiffs or defendant, and after the money realized from the sale was paid into court by the sheriff, the appellants filed their petition, asking that it be paid to them *pro rata* in satisfaction of their respective claims. The plaintiffs contested the right of appellants to receive the money, or any portion of it; and after a hearing before the court, it was ordered that the petition be denied, and that the whole of the money be applied toward the satisfaction of the plaintiff's judgment. From this order the appeal is prosecuted.

The only question is, Did service of the notices of the appellants' claims upon the attorney of plaintiffs meet the requirements of section 1206 of the Code of Civil Procedure? That section reads as follows: " In cases of executions, attachments, and writs of a similar nature, issued against any person, except for claims for labor done, any miners, mechanics, salesmen, servants, clerks, and laborers, who have claims against the defendant for labor done, may give notice of their claims, and the amount thereof, sworn to by the person making the claim, to the creditor and the officer executing either of such writs, at any time before the actual sale of property levied on; and unless such claim is disputed by the debtor or a creditor, such officer must pay to such person, out of the proceeds of the sale, the amount each is entitled to receive for services rendered within the sixty days next preceding the levy of the writ, not exceeding one hundred dollars," etc.

We think the service sufficient. The purpose of the notice provided for is to divert from the execution or attaching creditor money which he would otherwise be entitled to claim and receive as the result of his levy. The laborer is not required to commence an action to

establish his claim unless it is disputed. He, however, has an interest in the action already commenced, as against both plaintiff and defendant, and his proceeding is in the nature of an intervention. It is true, he is not made a formal party to the action, but in effect he is a party to it, and obtains benefit from it. The attorney for the plaintiffs in an action is their agent for all its purposes, and on him all papers made by defendants and counterclaimants are to be served. He may direct the sheriff as to what property he shall seize, and may receive and receipt for any money realized from a sale thereof.

The learned judge of the court below seems to have thought that the notice was the initiation of a new and independent proceeding, and that, to be effective, it must be served, like a summons, upon the parties, and not their attorney. In this we think he erred, and we therefore advise that the order appealed from be reversed.

Hayne, C., and Foote, C., concurred.

The Court. — For the reasons given in the foregoing opinion, the order appealed from is reversed.