[No. 5572.]

HIREEN v. THE R. W. ENGLISH LUMBER COMPANY.

**Money Had and Received**—Agent without authority so to do, borrows money in the name of the principal, and applies it to the discharge of the liabilities of the principal. The principal is liable. It is immaterial that the agent is short in his accounts, and borrows the money to conceal his defalcation.

*Appeal from Otero District Court* — Hon. N. WALTER DIXON, Judge.

Mr. O. G. HESS, for appellant.

Mr. GEO. C. MANLY, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The R. W. English Lumber Company, a corporation, was engaged in buying and selling lumber, coal and building material at the town of La Junta. One A. W. English was the manager of its business at that point. In September, 1903, he assumed, on behalf of the company, to borrow of the appellant, Amanda Hireen, the sum of five hundred dollars, and executed and delivered to her the note of the company, also signed by himself. The note was not paid at maturity and suit was brought thereon by Mrs. Hireen. In her complaint she declared upon two counts, the first upon the note, the second for money had and received. The defendant denied the authority of English to execute the note, and also denied that it received the money, as stated in the second count. At the conclusion of the testimony the court directed a verdict for the defendant. From a judgment accordingly, plaintiff appeals.

The testimony discloses that Mrs. Hireen gave her check for the money loaned payable to the order of the company; that this check was indorsed by A. W. English as manager; that it was deposited to the credit of the company in the La Junta State Bank, where the company kept an account, and the proceeds used in paying bills of the company by checks drawn by the manager.

On oral argument counsel for plaintiff conceded that, under the testimony and on the authority of

*Rizzuto v. R. W. English Lumber Co.,* 44 Colo. 413, 98 Pac. 728, an action could not be maintained upon the promissory note, but contended that the case should have been submitted to the jury on the second count.    For money had and received it is only necessary to show that the defendant has obtained money of the plaintiff, which, in equity and right, he ought to return.—*Zang Brewing Co. v. Bernheim,* 7 Col. App. 528; *Mumford v. Wright,* 12 Col. App. 214.

The testimony brings the case squarely within this rule.    Manager English had no authority to borrow money on behalf of the company, neither had he any authority to execute its note for money borrowed; but, notwithstanding his want of authority in these respects, it appears that the company received the money directly, and that it was used for its benefit.    In equity and good conscience it should repay the money so obtained.

This case is clearly distinguishable from the *Rizzuto case.*    In that case suit was brought upon the note only, and it was sought to hold the company upon the ground that it had ratified the transaction because it had received the benefit of the money borrowed.    The evidence disclosed that the money realized on the note was paid to the manager, English, in his individual capacity, who subsequently deposited it to the credit of the company, and it was therefore held that the company had not ratified the act of its agent.    In the case at bar the action is for money had and received, and it appears by the check of the plaintiff, the indorsement, and the transaction with the La Junta State Bank, that the money borrowed was paid directly to the company by the plaintiff.

It is true, as contended by counsel for appellee, that at the time the manager borrowed the money he was short in his accounts with the company, and that

the money was borrowed for the purpose of covering up such shortage; but this condition of affairs is immaterial, where it appears conclusively that the money borrowed was paid directly to the company, and that it received the full benefit of the money so borrowed.

The judgment of the district court is reversed and the cause remanded for a new trial in accordance with the views expressed in this opinion.

*Reversed and remanded.*

· CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.

---

*On Petition for Rehearing.*

Mr. JUSTICE GABBERT delivered the opinion of the court:

In support of the petition for rehearing counsel for appellee contends that we erred in construing the appellant's second count as one for money had and received, when, in reality, it was for money loaned and upon a promise to repay such loan. In the original brief filed by counsel for appellant, it is stated: "The complaint alleges a cause of action on the note, and also one for money had and received." The correctness of this statement was not challenged by counsel for appellee in his brief. At the oral argument counsel for the appellant again asserted that the second count was for money had and received, and contended that the case should have been submitted to the jury on this count. This statement as to the character of the second count was not challenged by counsel for appellee. We assumed, then, without further examination, that the second count was for money had and received.

The claim of counsel for appellee that it does not state a cause of action of that character comes too late. A proposition not advanced at the original hearing of a cause in this court will not be considered on an application for a rehearing.—*Morgan v. King*, 27 Colo. 539. We have not determined, as counsel for appellee seems to assume, that plaintiff was entitled to have her case submitted to a jury upon a state of facts different from those pleaded. On the contrary, we assumed, as there was no dispute regarding the second count being one for money had and received, that plaintiff, from the testimony, was entitled to have her case submitted to the jury on that count, although the party assuming to borrow money for the company and execute its note, had no authority to do either, for the reason that where one has received money which, in equity and good conscience, belongs, and ought to be paid, to another, an action for money had and received will lie for the recovery thereof.

It is also claimed by counsel for appellee that the opinion forecloses the introduction of any testimony on its behalf at another trial which would tend to prove that it is not liable for money had and received. Such is not the case. If, however, any statement in the original opinion tends to support that claim, it is modified to that extent. At another trial the appellee should be permitted to introduce any competent testimony which would tend to establish its nonliability for money had and received. We express no opinion regarding the character of the second count, or whether, under its averments, plaintiff, from the testimony now before us, could recover thereon; but as the case is remanded for a new trial, and the claim that it will not support a recovery on the theory of counsel for plaintiff, was not made in apt time, she should be permitted to amend her com-

plaint if so advised. Defendant should also be granted leave to amend its pleadings, if requested.

The petition for a rehearing is denied.

*Rehearing denied.*

CHIEF JUSTICE STEELE and Mr. JUSTICE HILL concur.