## EUREKA PUB. CO. v. FIRST NAT. BANK OF STIGLER.

No. 7608—Opinion Filed July 11, 1916.

(159 Pac. 508.)

### Corporations—Liabilities—Estoppel to Deny Liability.

Where the president of a corporation makes arrangements with a bank to borrow money on behalf of such corporation and at the time advises the bank that the treasurer of the corporation will execute, for the corporation, the note evidencing such loan, and pursuant thereto the note is later made in the name of the corporation by its treasurer, and the proceeds thereof are duly passed to the credit of the corporation in said bank and checked out by the corporation in due course of business for corporate purposes, and where such transaction is in consonance with the prior business transactions between said bank and said corporation, the corporation will be held liable on such note, regardless of whether the note is executed in the manner and form required by the by-laws of such corporation.

(Syllabus by Edwards, C.)

Error from District Court, Haskell County; W. H. Brown, Judge.

Action by the First National Bank of Stigler against the Eureka Publishing Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Holley & Means and A. L. Beckett, for plaintiff in error.

E. O. Clark and J. W. Foster, for defendant in error.

Opinion by EDWARDS, C. The parties will be designated as plaintiff and defendant, according to their position in the lower court.

This action is upon a negotiable promissory note in the sum of $1,012.50, signed, "The Eureka Pub. Co., by E. B. Wallace, Treas.," payable to said First National Bank of Stigler. The petition is in the usual form. The answer is a general denial, verified. After hearing the evidence the court instructed a verdict for the plaintiff for the full amount sued for, with interest and attorney's fees as provided in the note.

There is no controversy but that the note was executed for the benefit of the defendant corporation on authority of and pursuant to arrangements made by the president of said corporation, with said bank, nor that the proceeds of the note were passed to the credit of the defendant corporation in said bank and checked out by it in due course of business, for the benefit of the corporation.

The record discloses that there had been prior dealings between the defendant corporation and said bank, and that the treasurer had signed checks of the corporation in the same manner the note was signed, and that said checks had been paid and returned to the corporation as charges against its deposit in the bank, without objection on the part of such corporation.

The by-laws of the corporation, introduced in evidence, provide that the president and secretary shall sign all legal documents, and that the treasurer shall keep a record of the moneys taken in and paid out by the corporation and make an annual report to the board of directors.

The defendant contends that the treasurer, E. B. Wallace, had no authority to execute the note sued upon, and that the note is not the contract of the corporation, but admits the right of the bank to recover the amount of money received with lawful interest, but urges that judgment upon the note carrying a higher rate of interest and attorney's fees is improper.

This contention does not appeal to us. The contract is not ultra vires, and conceding, for the purpose of this opinion, that the issue is properly raised by a general denial, and that the term, "legal document," as used in the by-laws of the corporation, contemplates and included the making of a promissory note on behalf of the corporation in the transaction of its business, we are still of the opinion that the corporation is liable upon the note here sued upon. The authority of the corporation to make the note is not questioned, the objection is to the manner in which it was exercised. It is well settled that, where the power to issue such paper is granted by law, mere irregularity in its exercise or mere noncompliance with a by-law as to the manner of execution cannot be set up as a defense. 8 Cyc. 54.

Parties dealing with a corporation are, of course, required to take notice of the authority of the corporation, but the same strictness is not required as to the manner in which the authority is exercised.

In Merchants' Nat. Bank of Gardiner v. Citizens' Gas Light Co., 159 Mass. 505, 34 N. E. 1083, 38 Am. St. Rep. 453, it is held:

"If a corporation permits its treasurer to act as its fiscal agent, and holds him out to the public as having the general authority implied from his official name and character, and by its silence and acquiescence suffers him to draw drafts, and to indorse notes payable to the corporation, it is bound by his acts within the scope of such implied authority."

In National Spraker Bank v. Geo. C. Tread-well Co., 80 Hun, 363, 30 N. Y. Supp. 77, the syllabus reads:

"The fact that a promissory note was made by the president of a corporation, and was not signed by its treasurer in accordance with the by-laws of the company, constitutes no defense to an action thereon if the paper was not diverted from its original purpose, went into the hands of a bona fide holder and the company received the benefit of the proceeds."

In Allegheny City v. McClurkan & Co., 14 Pa. 81, the court says:

"The object of all law is to promote justice and honest dealing, when that can be done without violating principle. I cannot perceive that any principle is violated by holding a corporation liable for the contracts of its accredited agents, even not expressly authorized, when these contracts, for a series of times, were entered into publicly, and in such a manner, as by necessary and irresistible implication to be within the knowledge of the corporators. It was the acquiescence of the corporators, and the habit and custom of business of the corporation, which induced the public to give credit to the scrip or notes, which was evidence of contract. But when to this circumstance we add that the corporators themselves received the value of these notes or contracts in the erection of improvements in the city, and enjoyed and still enjoy the value of them, the conclusion is irresistible that the corporators ought to pay them by the assessment of taxes on the corporations, if it has no other available means. The debt is due by positive engagement—it is due ex aequo et bono—in the forum of conscience, and the forum of law. One rule of law is often met and counterchecked by another of equal force, so that although the corporators are in general protected from unauthorized acts of their agents, yet at the same time a rule of equal force requires that they should not deceive the public, or lead them to trust and confide in unauthorized acts of their agents. If they receive the avails and value of those acts, it is implicit evidence that they consented to and authorized them. They adopt the act and are responsible to those who on the faith of such acquiescence and approbation trusted their agents."

It is true that in the latter case there is a controlling statute, but in this case the note being made to the bank at the behest of the president of the corporation at the time informing the president of the bank that the note would be executed by the treasurer of the borrowing corporation, who was a son-in-law of its president, and such transaction being in line with former dealings between the parties, and the borrower having received and used the proceeds of said note, the corporation should be held liable upon the note.

The judgment of the lower court is in all things affirmed.

By the Court: It is so ordered.