# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY

## ON APPEAL FROM THE COURT OF CHANCERY, AND THE PREROGATIVE COURT.

MARCH TERM, 1918

---

UNITED STATES INDUSTRIAL ALCOHOL COMPANY, appellant,

*v.*

THE DISTILLING COMPANY OF AMERICA et al., respondents.

[Decided June 17th, 1918.]

1. Where a power is conferred upon a corporation to be exercised under certain conditions, and it exercises that power, the presumption is that it exercises it legally, and not in violation of law.

2. Where a contract of guarantee declares that it is made "for good and valuable consideration the receipt of which is hereby acknowledged," even if it be conceded that this guarantee was *ultra vires*, the guarantor cannot take advantage of its wrongful act after it has obtained the benefit of its contract.

3. A contract within the power of the directors of a corporation to make, need not have the approval of the stockholders.

4. A corporation organized under the laws of New Jersey cannot bargain away any of the franchises or powers conferred upon it by the legislature for its own selfish purposes, and in derogation of the sovereign right.

12                                                      (177)

5. A company which has made a subsisting contract of guarantee cannot voluntarily dissolve without making reasonable provisions for the protection of the holders of its guarantee, so that such guarantee shall not be injuriously affected by the act of dissolution.

On appeal from an order in chancery advised by Vice-Chancellor Lane, whose opinion is reported in *87 N. J. Eq. 531.*

*Mr. Richard V. Lindabury* and *Mr. Levy Mayer* (of the New York bar); for the appellant.

*Mr. John R. Hardin* and *Mr. Adrian H. Larkin* (of the New York bar), for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

This is an appeal from a decree advised by Vice-Chancellor Lane denying the application of the defendants for an order dismissing the bill of complaint for want of equity, and granting a preliminary injunction restraining the defendants from completing statutory proceedings taken by them for the dissolution of the defendant the Distilling Company of America until the further order of the court.

It appears by the bill that the complainant is the owner of three hundred and fifty shares of the preferred capital stock of the Cuba Distilling Company; that in the year 1907 the Distilling Company of America entered into an agreement with the Cuba company and a corporation known as the Matanzas Railway and Warehouse Company, which, after reciting that the Cuba company had an authorized preferred capital stock of twenty-five thousand shares of the par value of $100 each, of which ten thousand shares had been actually issued, and fifteen thousand shares were about to be issued, agreed that it, the Distilling Company of America, would guarantee to the then present and all future holders of all or any part of said twenty-five thousand shares of Cuba preferred, so long as the same should be issued and outstanding, not exceeding the period of

fifty years, quarterly dividends on said Cuba stock at the rate of seven per cent. per annum; that the said guarantee should be irrevocable; and that no voluntary or involuntary dissolution, or merger or consolidation of the Cuba company, or of the Distilling Company of America should, except by and with the written consent of the holders of record of all of said preferred stock outstanding at the time, release, discharge, modify or affect the guarantee in any way; and that said guarantee should be printed or engraved on all certificates of such Cuba preferred stock on the issuance thereof. The bill further alleges that in November, 1916, the Distilling Company of America instituted statutory proceedings looking to its dissolution, without making any provision for the protection of the rights of the holders of the Cuba preferred stock.

The order appealed from is attacked upon several grounds. First, it is contended that the bill should have been dismissed for want of equity, because there appears to be no authority vested in the defendant company to guarantee the payment of dividends on Cuba preferred stock. It appears in the defendant's certificate of incorporation that there had been conferred upon it the right to guarantee and secure the payment or satisfaction of dividends on shares of stock of other corporations, providing it does so for the purposes of its own business, or any part thereof. The argument upon this point submitted on behalf of the appellants is that the bill fails to disclose that the guarantee in the present case was for the purposes of the business of the distilling company, or any part thereof. This argument seems to us to be unsound. Where a power is conferred upon a corporation to be exercised under certain conditions, and it exercises that power, the presumption is that it exercises it legally, and not in violation of law. For to hold the act illegal, in the absence of any affirmative allegation, would be to declare that the corporation had perpetrated a fraud upon the statute, as well as upon the other contracting party. Moreover, the contract of guarantee expressly declares that it is made "for good and valuable consideration the receipt of which is hereby acknowledged;" and even if it be conceded that this guarantee was *ultra vires,* the distilling company cannot now take advantage

of its wrongful act. It has obtained the benefit of its contract; it has received a good and valuable consideration for it, and in such a situation it will not be permitted to set up lack of power to make the contract, and thus defraud the other contracting party. *Camden and Atlantic Railroad Co.* v. *May's Landing, &c., Railroad Co., 48 N. J. Law 530.*

It is further argued that the bill should have been dismissed because it does not appear that the stockholders of the distilling company approved the contract of guarantee. The bill itself shows, we think, by necessary inference, that this contract received the approval of at least ninety per cent. of the stockholders at the annual meeting held next after the making of the contract. But whether it did receive such approval or not seems immaterial. The contract was a valid one, so far as the bill shows, made for a good and valuable consideration, and within the power of the directors to make. It, consequently, required no ratification by the stockholders. Moreover, if such ratification was necessary, the only parties who can now raise the question are the stockholders who did not approve the contract, and they are none of them here challenging its legality.

Next, it is said that it does not appear on the face of the bill that this contract of guarantee was for a valuable consideration. This assertion, however, is contrary to the fact. The contract itself is set out at length in the bill; it expressly recites that the distilling company received a good and valuable consideration for the guarantee, and that admission on its part justified the court of chancery in so declaring.

The principal ground of attack, however, made upon the complainant's bill is that, by the provision in the contract that no voluntary or involuntary dissolution or merger or consolidation of the distilling company should release, discharge, modify or affect the guarantee in any way, the distilling company stripped itself of a power conferred upon it by the statute (that is, the power to voluntarily dissolve), and that the public policy of the state makes such an agreement void. It may be conceded that a corporation organized under our laws cannot bargain away any of the franchises or powers conferred upon it by the legislature for its own selfish purposes, and in derogation of the sovereign

right. But we do not think this is the legal effect of the pro-vision of the contract now under consideration. The power of the distilling company to voluntarily dissolve is left intact; but when it exercises this power it is under a valid obligation to make reasonable provision for the protection of the holders of its guarantee, so that such guarantee shall not be injuriously affected by the act of dissolution. This the bill shows the appellant failed to do, and such failure is an irreparable injury which equity will protect against. What method the distilling company should adopt is a matter with which the court is not now concerned, providing that the method, when adopted, will afford full protection to the holders of the guarantee. It may be that the latter will assent to a scheme suggested by the distilling company, and, if so, such assent will be accepted, normally, by the court as a valid performance of the distilling company's contract. If a particular method is suggested which does not meet the approval of the holders of the guaranteed stock, it will then become a judicial question whether such method will be a complete performance of the contract of guarantee. But until some method is formulated which receives the approval either of the holders of the guarantee or of the court, the distilling company may properly be restrained from completing its act of dissolution.

We conclude, therefore, that the motion to dismiss the bill was properly denied, and that the restraining order appealed from (it being in force only until the court shall otherwise order) should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.