[No. 15476. Department One. November 25, 1919.]

CHESTER A. FLANAGAN, *Respondent*, v. AMERICAN MINERALS PRODUCING COMPANY, *Appellant*.[1]

BILLS AND NOTES (136)—CONSIDERATION—EVIDENCE—SUFFICIENCY. On conflicting evidence, a finding of consideration for a note given by a corporation is supported by evidence that it was given to secure a current indebtedness for expenses incurred in the company's interest.

CORPORATIONS (152)—POWERS—ULTRA VIRES ACTS—ESTOPPEL. In an action on promissory notes made by a corporation, the defense of *ultra vires* is not available where the defendant has accepted and enjoyed the benefit of the services and expenses for which the note was given.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered April 26, 1919, upon findings in favor of the plaintiff, in an action on promissory notes, tried to the court. Affirmed.

*O. S. Galbreath,* for appellant.

*Gordon & Easterday* and *Wesley Lloyd,* for respondent.

[1]Reported in 185 Pac. 609.

MACKINTOSH, J.—The suit below was brought upon two promissory notes aggregating the sum of five hundred dollars, of which the appellant corporation was the maker. Judgment was obtained in the superior court of Pierce county in favor of the payee of the notes, Charles G. Flanagan; one Chester A. Flanagan being assignee of the notes for the purposes of collection.

The theory of the defense below, and of the appeal here, is failure of consideration for the promissory instruments. The testimony adduced on behalf of the appellant corporation by certain of its officers was to the effect that the corporation, having an interest in a certain mineral deposit in Vale, Oregon, entered into a contract with Charles G. Flanagan and Martin Jacobson whereby the exclusive selling rights of such mineral were acquired by Flanagan and Jacobson. This exclusive sale contract, the officers of the corporation testify, was later found to be a considerable obstacle in the way of securing further and necessary investments in the corporation, and hence its surrender was solicited by the corporation and obtained, Flanagan and Jacobson accepting the notes in action as a consideration for the cancellation of the contract. In these transactions, it is alleged, Charles G. Flanagan assumed to act for and on behalf of his brother, Chester A. Flanagan, plaintiff below. It later developed, however, that Charles G. Flanagan had no authority to act on behalf of Chester A. Flanagan, and that the appellant corporation was compelled to pay Chester A. Flanagan and Martin Jacobson a valuable consideration for the cancellation of the contract. They allege that Charles G. Flanagan did not in fact cancel the contract nor "tear it up and throw it in the waste basket," as the officers of the corporation had directed. Hence, the appellant argues, the considera-

tion actually paid to Chester A. Flanagan and Martin Jacobson left the notes previously issued for the supposed first cancellation without the validity of a consideration.

For a further consideration for the cancellation of this exclusive sale contract the payee of the notes, it is alleged, was given twenty-five thousand shares of the capital stock of appellant corporation.

The contention of the payee is that the notes were given to secure a valid and current indebtedness. He alleges that, in an endeavor to finance the corporation and to sell its stock, he expended substantially five hundred dollars of his money; once on a trip to Vale, Oregon, when he paid his own expenses and the expenses of an analytical chemist whom he took with him and whose services were for the benefit of the corporation; that he advanced for the benefit of the corporation sums of money to various persons to the amount of two hundred and forty-five dollars; that he went from Tacoma to Yakima and back on business of the corporation and paid his entire expenses. It was on account of these disbursements principally that he supposed the notes were made to him. He testified that "he never just knew" why the twenty-five thousand shares of stock were issued him.

The trial court found that, of the hundreds of thousands of shares and dollars talked about in connection with the whole transaction, the actual financial precipitate was, as the plaintiff contended, about five hundred dollars, which the court thought was spent, as the plaintiff said, for the benefit of the company. Our examination of the record suggests no reason for disagreeing with the court's finding as to the fact of consideration.

Apart from questioning the fact, appellant contends here that the action of the corporation in making the

notes in suit was *ultra vires* the corporation, and hence the notes were voidable.· The fact of *ultra vires* may be conceded. Respondent has not appeared in this appeal, but we feel that it does not require an answering brief to reiterate the familiar doctrine that the defense of *ultra vires* will not prevail, in a case such as this before us, where the defendant has accepted and enjoyed the benefit of its extra-corporate act. *Tootle v. First National Bank,* 6 Wash. 181, 33 Pac. 345; *Allen v. Olympia Light & Power Co.,* 13 Wash. 307, 43 Pac. 55; *Wheeler, Osgood & Co. v. Everett Land Co.,* 14 Wash. 630, 45 Pac. 316; *Graton & Knight Mfg. Co. v. Redelsheimer,* 28 Wash. 370, 68 Pac. 879.

Judgment affirmed.

HOLCOMB, C. J., PARKER, MAIN, and MITCHELL, JJ., concur.