[Civ. No. 2436. Third Appellate District.—June 27, 1922.]

NORTH CONFIDENCE MINING AND DEVELOPMENT COMPANY (a Corporation), Appellant, v. C. S. FITCH et al., Respondents.

[1] CORPORATIONS—ADVERSE INTEREST OF DIRECTOR—DISQUALIFICATION TO VOTE.—A director of a corporation whose interest in the matter under consideration is adverse to that of the corporation he represents is disqualified to vote on such question.

[2] ID.—ADVERSE INTEREST OF CLIENT—DISQUALIFICATION OF ATTORNEY AS DIRECTOR.—An attorney, as the director of a corporation, is disqualified to vote on a resolution authorizing the execution by the corporation of a note and mortgage in favor of his client and principal, and being so disqualified his presence is not effective in making up a quorum.

[3] ID.—ACTION TO CANCEL NOTE—RATIFICATION—STATUTE OF LIMITATIONS—ESTOPPEL—EVIDENCE.—In this action by a corporation to cancel a promissory note and mortgage alleged to have been given without consideration, pursuant to a resolution adopted at a meeting at which a quorum of qualified directors was not present, there were no circumstances to warrant the inference that the voidable transaction had been ratified or that the statute of limitations had run against the cause of action, nor was there anything in the nature of an estoppel by the evidence.

APPEAL from a judgment of the Superior Court of Tuolumne County. G. W. Nicol, Judge. Reversed.

The facts are stated in the opinion of the court.

Frank W. Street and Horace M. Street for Appellant.

Richard Chute, *in pro. per.*, and J. C. Webster for Respondents.

FINCH, P. J.—This action was instituted to cancel a promissory note and mortgage for the sum of $9,439.04 purporting to have been given by the plaintiff to defendant Fitch. The court found the note to be valid to the extent of $1,787.89 and enjoined the defendants "from collecting any greater amount thereon," and adjudged the mortgage to be a lien on the lands described therein "to the extent of said sum of $1,787.89 with interest." From this judgment both the plaintiff and the defendants prosecute separate appeals.

Plaintiff corporation was organized with a capital stock of $75,000 divided into 75,000 shares of the par value of $1 each. With the exception of a few shares issued to certain persons to enable them to serve as directors, the defendant Chute owned or controlled all the capital stock up to May 15, 1915. On that day he sold and conveyed 47,156 shares to Ella Kleinecke, but at all times, prior to July 28, 1919, he continued to be president of the board of directors and controlled all of plaintiff's corporate acts. July 15, 1916, defendant Chute, claiming that the plaintiff was indebted to him in the sum of $9,439.04 for money advanced by him as president, treasurer, and general manager, assigned his claim to defendant Fitch as security for moneys then owing from Chute to Fitch and the latter still holds said claim and the note and mortgage given in consideration thereof as such security only. Immediately thereafter Fitch commenced an action against plaintiff herein for the amount of the claim. The corporation was duly served and, on its failure to answer within the time allowed by law, judgment was entered against it July 31, 1916. Mrs. Kleinecke promptly moved to vacate the judgment and her motion was granted October 6, 1916. April 18, 1917, Mrs. Klein-

ecke demanded a certificate for the 47,156 shares of the capital stock sold to her by Chute, the same then still standing in the latter's name on the books of the corporation, but her demand was refused. April 21, 1917, a purported special meeting of the board of directors was held at which the note in suit was attempted to be authorized and on the same day was executed by Chute as president and E. W. Holland as secretary. May 3, 1919, the same officers executed the mortgage in question to secure payment of the promissory note. This mortgage seems to have been executed without any previous authorization, but at a purported special meeting of the board of directors held May 21, 1919, a resolution was adopted ratifying its execution. Mrs. Kleinecke testified and the court found that she had no knowledge of the execution of the note and mortgage until July 14, 1919. April 25, 1917, Mrs. Kleinecke commenced an action against the plaintiff herein and Chute to compel the issuance to her of a certificate for the 47,156 shares of the capital stock and the transfer thereof on the books of the corporation. Defendant Chute filed an answer in that action denying that Mrs. Kleinecke was the owner of the 47,156 shares of stock. Judgment was rendered in her favor and the defendants therein appealed. The judgment was affirmed and thereupon the certificate demanded was delivered to Mrs. Kleinecke June 27, 1919. July 28, 1919, at a meeting of the stockholders of the corporation, the same being the only meeting of the stockholders since the year 1907, a new board of directors was elected. From the time at which the new board was elected Mrs. Kleinecke has had the control and direction of the affairs of the corporation. This action was instituted October 25, 1919. The complaint alleges, among other things, that the promissory note and mortgage were given without consideration and that the execution thereof was neither authorized nor ratified by the board of directors at any valid meeting thereof. The board of directors was composed of seven members and the by-laws provided that four directors should constitute a quorum. At all meetings of the directors at which any action was taken relative to the authorization or ratification of the promissory note or mortgage five directors only were present. Of these five the defendant was one, though he did not vote

on any question pertaining to the promissory note or mortgage. Another of these five directors at all such meetings was J. C. Webster, who at all times was and is the attorney for Fitch in his aforesaid suit against the corporation. It appears from the testimony of Mr. Webster that such action is still pending. Mr. Webster testified that at the time the resolution was adopted authorizing the execution of the promissory note he was attorney for Fitch in the matter of the claim for which the note was given. He introduced the resolution authorizing its execution and was one of the four by whose votes the resolution was adopted.

Admittedly, Chute's adverse interest disqualified him from voting for the adoption of the resolution and he did not so vote. It is contended that Webster also was disqualified by reason of his client's adverse interest. This contention must be sustained. [1] A director whose interest in the matter under consideration is adverse to that of the corporation he represents is disqualified to vote on such question. [2] For equally cogent reasons such adverse interest of a director's client or principal ought to disqualify, and the legislature has not left the question in doubt. Section 2230 of the Civil Code, with certain exceptions not pertinent here, provides: "Neither a trustee nor any of his agents may take part in any transaction concerning the trust in which he or anyone for whom he acts as agent has an interest, present or contingent, adverse to that of his beneficiary." Directors of a corporation are trustees thereof within the meaning of section 2230. (*Graves* v. *Mono Lake etc. Mining Co.,* 81 Cal. 303 [22 Pac. 665]; *San Diego* v. *Pacific Beach Co.,* 112 Cal. 53 [33 L. R. A. 788, 44 Pac. 333]; *Schnittger* v. *Old Home etc. Min. Co.,* 144 Cal. 603 [78 Pac. 9]; *Pacific Vinegar etc. Works* v. *Smith,* 145 Cal. 352 [104 Am. St. Rep. 42, 78 Pac. 550]; *Highland Park Inv. Co.* v. *List,* 27 Cal. App. 761 [151 Pac. 162]; *Palo Alto etc. Assn.* v. *First Nat. Bank,* 33 Cal. App. 214 [164 Pac. 1124].) A director of a corporation "cannot take part in any transaction in which he, or anyone for whom he acts, has an interest, present or contingent, adverse to that of his beneficiary." (*Sims* v. *Petaluma Gas Light Co.,* 131 Cal. 656, 659 [63 Pac. 1011, 1012].) An attorney is, of course, the agent of his client

within the scope of his employment. (*Carter* v. *Green Mountain Gold Mining Co.*, 83 Cal. 222 [23 Pac. 317]; *Wittenbrock* v. *Parker*, 102 Cal. 93 [41 Am. St. Rep. 172, 24 L. R. A. 197, 36 Pac. 374].) From the foregoing it seems clear that Webster was disqualified to vote on the resolution introduced by him. Being so disqualified, his presence was not effective in making up a quorum. ''The same rules which preclude an interested director from uniting with other directors in the creation of an obligation in favor of himself by his vote forbid him from uniting with them in creating such obligation by any act or exercise of his official position, and a meeting at which there is not a majority of the directors, exclusive of such interested director, is not a competent board for the transaction of any corporate business. . . . By reason of the disqualification of Wells from taking any part in passing the resolution for executing the note and mortgage to himself, he could neither vote in favor of the resolution nor by his presence help to create a quorum by which the other two directors could adopt it. For the purpose of any action upon this resolution he was as much a stranger to the board as if he had never been elected a director, and, although he may have been physically present in the room with the other two directors, he was not for that purpose a component part of the board, any more than would have been any other bystander, and there was not, therefore, a quorum of the board 'present and acting' at the time the resolution was adopted.'' (*Curtin* v. *Salmon River etc. Co.*, 130 Cal. 345, 349 [80 Am. St. Rep. 132, 62 Pac. 552, 554].)

In discussing the validity of a transaction between two corporations, where the same persons constituted a majority of the directors of each of them, in the case of *Sausalito etc. Co.* v. *Sausalito Imp. Co.*, 166 Cal. 302, 306 [136 Pac. 57, 59], the court said: ''The correct doctrine is well stated in *O'Connor etc.* v. *Coosa F. Co.*, 95 Ala. 618 [36 Am. St. Rep. 251, 10 South. 291], as follows: 'If the same persons as directors of two different companies represent both companies in a transaction in which their interests are opposed, such transaction may be avoided by either company, or at the instance of a stockholder in either company, without regard to the question of advantage or detriment to either

company. Both the corporations are armed with the right to repudiate such a transaction, no matter how fair or open it may be shown to be. . . . The general rule is that such dealings are not absolutely void, but are voidable at the election of the respective corporations, or of the stockholders thereof. They become binding, if acquiesced in by the corporations and their stockholders.' "

"If a person entitled to avoid a contract on such ground is informed of the facts upon which his right rests, and thereafter delays taking any steps to avoid or repudiate the transaction until a period equal to the statute of limitations has expired, the presumption is that he has ratified it. Under some circumstances a much shorter time will justify the presumption." (*Sausalito etc. Co.* v. *Sausalito Imp. Co.*, 166 Cal. 302, 307 [136 Pac. 57, 59].) [3] There are no circumstances in this case to warrant the inference that the voidable transaction has been ratified or that the statute of limitations has run against plaintiffs' cause of action, nor is anything in the nature of an estoppel disclosed by the evidence. The plaintiff derived no benefit from the transaction. Neither did the defendants surrender any rights thereby. Their suit on the alleged claim against the corporation is still pending. The default judgment entered therein was set aside on the ground that "said corporation had forfeited its charter prior to the commencement of this action by failure to pay its license tax to the state of California." The plaintiff therein appealed from the order setting aside the judgment and it appears that the appeal is still pending. It appears that the corporation was relieved from such forfeiture on the twenty-first day of April, 1917. In *Kehrlein-Swinerton Const. Co.* v. *Rapken*, 30 Cal. App. 11 [156 Pac. 972], where the plaintiff had forfeited its franchise through the nonpayment of its license tax prior to the commencement of the action, it was held to be an abuse of discretion for the court to refuse to order the substitution of the names of the plaintiff's directors as trustees for its own name as party plaintiff. A petition in that case to have the cause heard in the supreme court was denied. No reason appears why the same rule should not be available to a plaintiff suing a corporation under similar circumstances, nor why an action commenced under such circumstances may

not be prosecuted to judgment after the revival of the corporation. To uphold the validity of the promissory note and mortgage in any amount would be to give the defendants a preference over all other creditors of the corporation and to subject plaintiff's land to an unauthorized lien. The cancellation of those instruments will leave the defendants in the precise position they occupied prior to the unauthorized transaction.

Other grounds are urged for a reversal of the judgment but in view of the conclusion reached it is not deemed necessary to discuss them. The points argued will not probably arise at the retrial of the case.

The judgment is reversed.

Hart, J., and Burnett, J., concurred.