## William H. Low *et al.*

*v.*

## Wesley F. Pratt *et al.*

1. Parties *defendant, to a creditor's bill.* Where a judgment creditor, who has levied upon and purchased at the sheriff's sale, a tract of land which he claims belonged, in equity, to his debtor, seeks, by bill in chancery, to have his title derived under such sale, established as paramount to the legal title thereto held by a third person, the latter is a necessary party to the bill.

2. Purchaser *pendente lite—who so regarded.* A judgment creditor filed a bill for discovery against his debtor and another, to ascertain whether the debtor had any property which could be subjected to the payment of his judgment. A supplemental bill was filed, alleging that after filing the original bill, the complainant had levied upon and purchased at the sheriff's sale a tract of land, the legal title to which was in the co-defendant of the debtor, but in trust for the latter. By the supplemental bill it was sought to have the title of the complainant, derived under his judgment, established as paramount to that held by the alleged trustee of the debtor. After the filing of the original bill, but before the supplemental bill was filed, the party who then held the legal title, the co-defendant of the debtor, sold and conveyed the land to a third person: *Held,* the latter would not be regarded as a purchaser *pendente lite.* The original bill, being a mere bill for discovery, containing no allegations in regard to this land, or any allusion to it except an interrogatory to the debtor whether his co-defendant did not hold it in trust for him, was no notice to subsequent purchasers that the debtor had equities in the land which his creditors were seeking to reach.

Appeal from the Circuit Court of Champaign county ; the Hon. Oliver L. Davis, Judge, presiding.

The opinion states the case.

Mr. A. E. Harmon, for the appellants.

Messrs. McKinley & Tulleys, for the appellees.

Mr. Justice Lawrence delivered the opinion of the Court:

The appellants, being judgment creditors of Wesley F. and George W. Pratt, filed a bill for discovery against them, Aaron Beidler and John E. Shailer, propounding various interrogatories for the purpose of learning whether the Pratts had any property that could be subjected to the payment of their judgment. The bill contains no allegation of any kind whatever in regard to the land now in controversy, nor makes any allusion to it, except in one of the interrogatories, the Pratts are asked, whether Shailer is not holding this land in trust for them. This bill was filed January 4, 1864, and after answers and replication, the complainants, on the eighteenth of March, 1867, filed a supplemental bill, setting up that since the filing of their original bill, they had levied an execution on the land in controversy, and purchased the same at sheriff's sale, and obtained a deed therefor. The supplemental bill alleges that the land in controversy had been bought by the Pratts, who, instead of taking a deed to themselves, had caused the title to be conveyed to Shailer, to be held in secret trust for them. The bill seeks to have complainant's title under the sheriff's deed established as paramount to that of Shailer. Shailer answers denying the allegations in the bill, and further showing that prior to the filing of the original bill, to-wit: in October, 1863, he had mortgaged said land to Osman Wells, of Hartford, Connecticut, for $2500 borrowed from said Wells, and that April 4, 1866, he conveyed the land to said Wells in satisfaction of the mortgage, which was equal to its value. On the hearing, these allegations in regard to the mortgage were proven, and the mortgage was shown to have been duly recorded November 4, 1863, before the filing of the original bill. The court, after hearing the evidence, dismissed the bill.

The decree was obviously correct. Wells seems to have purchased the premises from Shailer in good faith, and for a valuable consideration, and is, of course, a necessary party to a

proceeding intended to destroy his title. Counsel for appellants say he was a purchaser *pendente lite.* But not so. His mortgage was taken and recorded before the original bill was filed. Nor can we regard the original bill, which was a mere bill for discovery, containing no allegations in regard to this land, as notice to subsequent purchasers from Shailer, that the Pratts had equities in the land which their creditors were seeking to reach. This matter was first brought before the court in the supplemental bill, after Wells had become the absolute owner. So far as this record discloses, Wells is the owner of this land, and if the complainants desired to contest his claim as a *bona fide* purchaser, they should have made him a party to this proceeding.

*Decree affirmed.*