[Civ. No. 3042. Second Appellate District, Division Two.—November 22, 1919.]

## HENRY LAWRENCE, Respondent, v. LONG BEACH PLEASURE PIER COMPANY (a Corporation), et al., Defendants; S. H. WARD et al., Appellants.

[1] PROMISSORY NOTES—POSSESSION BY AGENTS—OWNERSHIP—EVIDENCE.—Where a note made payable to the maker and by him indorsed in blank comes into the possession of certain persons in their capacity as agents, their possession of it is the possession of their principal, and in a subsequent action by them to recover thereon, their ownership thereof being denied, it is incumbent upon them to make further showing of a transfer of title to themselves than their mere possession.

[2] ID. — PRESUMPTION OF OWNERSHIP — REBUTTAL. — Possession of property alone without explanation is evidence of ownership; but it is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner. If the custody and possession is shown to be equally consistent with an outstanding ownership in a third person as with a title in the one having possession, no presumption of ownership arises solely from such possession.

[3] ID.—ACTION TO CANCEL—PARTIES—ERRONEOUS JUDGMENT.—In an action involving the validity of a promissory note, if the owner of the note is not made a party to the action, a judgment directing the cancellation of the note cannot be sustained.

APPEAL from a judgment of the Superior Court of Los Angeles County. Eugene P. McDaniel, Judge. Modified and affirmed.

---

2. Possession as evidence of title, note, 60 **Am. Dec.** 602.

The facts are stated in the opinion of the court.

I. Henry Harris and Chas. A. Bank for Appellants.

A. S. Maloney, Earl D. Finch and Frank F. Oster for Respondent.

SLOANE, J.—This appeal is taken under the alternative plan. It involves a typewritten transcript of 370 pages, one hundred typewritten pages of pleadings, including an original and four amended complaints, a cross-complaint and full complement of demurrers, motions, and answers, and represents the activities of several resourceful lawyers. In the final analysis, however, it seems to resolve itself into a simple action on the cross-complaint to recover on a promissory note, and an answer thereto setting up fraud in procuring the execution of the note, failure of consideration and denial of cross-complainants' ownership of the note. The original action was abandoned. The judgment appealed from is on the cross-complaint in favor of the cross-defendant, Henry Lawrence, the maker of the note, under findings of the court to the effect that he executed the note in question, which was made payable to his own order, indorsed by himself, and delivered to the cross-complainants, S. H. Ward and R. H. Mullineaux, as agents of the M. M. & W. Syndicate, a corporation, which was not a party to the action. The court further found that the note was given without consideration, and without a meeting of the minds of the parties and, that cross-complainants, appellants here, did not become the owners of it. The findings were against the fraudulent misrepresentations and inducements set out in the answer to the cross-complaint, but held that the respondent did not read the note before signing it, or know its nature or contents, but signed it in the belief that he was signing an option whereby he was agreeing to sell certain shares of stock in a corporation.

There is much evidence in the record—taking into account the apparent stupidity and lack of comprehension of the respondent, and the fact that he was a foreigner without much business experience—which might have justified a finding that the note was executed through fraud and misrepre-

sentation. But in the absence of a finding of such fraud, the circumstances of the signing and indorsement of the note by respondent were such as would establish a valid obligation; and the contract signed by him and the receipt for his note in payment of the corporate stock for which it was given show a complete meeting of the minds of the parties to the transaction, and that the note was given in consideration of the purchase of this corporate stock. The certificate of stock having been issued to respondent and left at his house for him in pursuance of the contract, constituted a sufficient delivery, which was not defeated by his refusal to retain it and its return to appellants.

But there is a further independent defense to the cause of action set up in the cross-complaint. By an amendment to his answer to the cross-complaint respondent denied that the cross-complainants were the owners or holders of the note. The court finds in accordance with this denial, and holds that "said Ward and Mullineaux, nor either of them, ever have been the owners or owner, holders or holder of said promissory note except as the agents of said M. M. & W. Syndicate."

[1] It is true this note was made payable to the maker and indorsed by him in blank, and so would pass presumptive title by delivery, and the production and presentation of it in evidence on the trial by the appellants was *prima facie* evidence of their ownership. But the appellants themselves introduced into the evidence of the case the contract under which this note was given, which is as follows:

"It is agreed that neither party shall be bound by any condition or representations not expressed herein.

"Agreement.
"M. M. & W. Syndicate,
"Los Angeles, California.

"Mr. Lawrence of El Casco hereby agrees to buy and the M. M. & W. Syndicate agrees to sell 1000 shares of the capital stock of Neptune Pier Company, a California corporation, for the sum of One Thousand note Dollars ($1000).
"Dated this 17th day of March, A. D. 1915.
"M. M. & W. Syndicate.
"————————, Agent.
"Name—Henry Lawrence,
"Address—Redlands, Cal."

Also a receipt for the note was introduced, which was as follows:

"Receipt.

"M. M. & W. Syndicate,

"Los Angeles, California,

"March 17, 1915.

"Received of Henry Lawrence One Thousand (note) Dollars ($1000) in full payment for 1000 shares of the capital stock of Neptune Pier Company, a California corporation.

"M. M. & W. SYNDICATE.

"S. H. WARD,

"R. H. MULLINEAUX, Agent."

These documents, together with the note, were executed and delivered at the same time and as part of the same transaction. They show that this note was delivered to, and at that time became the property of, this corporation, the M. M. & W. Syndicate, and that the possession of it by the appellants was the possession of their principal. Under these circumstances it was incumbent upon the appellants, who originally came into the possession of this note of their principal in their capacity as agents, to make some further showing of a transfer of title to themselves than their mere possession.

[2] It is a significant fact that notwithstanding the raising of this issue by an amended answer during the trial, not one word of testimony appears in the record to substantiate the possessory claim of the cross-complainants to any right or ownership in this note. The citations of authority made by appellants are not in point. The possession relied on in each instance in these cases is at least under some color of actual assignment or transfer. As said in *Rawley* v. *Brown,* 71 N. Y. 85, 89: "Possession of property alone without explanation is evidence of ownership; but it is the lowest species of evidence. It is merely presumptive, and liable to be overcome by any evidence showing the character of the possession, and that it is not necessarily as owner. If the custody and possession is shown to be equally consistent with an outstanding ownership in a third person as with a title in the one having possession, no presumption of ownership arises solely from such possession."

[3] The M. M. & W. Syndicate, not having been made a party to this action, and it being found to be the owner of this note, it is obvious that the part of the judgment directing the cancellation of the note cannot be sustained.

We call attention to the fact that the portions of the record printed in the briefs on this appeal are entirely inadequate to bring to the attention of the court the matters relevant to the points in issue. The legislature, by its recent amendment to section 953a of the Code of Civil Procedure, has provided that no appeal shall be adversely disposed of because of failure to print in the briefs the portion of the record required, or any part thereof, but that the appellate court shall require such matter to be printed and supplied by supplemental brief. Not having any legislative directions as to the course to pursue when there has been an ostensible, but inadequate, effort to supply relevant parts of the record, we have found it necessary to make an independent research through the voluminous transcript in this case for our facts.

The judgment is modified by striking out that part thereof directing the cancellation of the note sued on, and as so modified is affirmed.

Finlayson, P. J., and Thomas, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 19, 1920.

All the Justices concurred.