## NICHOLSON, ET AL. v. KINGERY, ET AL.*
(No. 1353; November 18, 1927; 261 Pac. 122)

CORPORATIONS—DIRECTORS ARE AGENTS OF—CONTRACTS WITH DIRECTORS—WHEN VOIDABLE—SUSTAINED WHEN FAIR—BURDEN OF PROOF—DISINTERESTED QUORUM OF DIRECTORS REQUIRED TO CONTRACT WITH OTHER DIRECTOR—CONSTITUTIONAL LAW—PARTIES.

1. A director is an agent of a corporation.

2. A director of a corporation may contract with corporation when it is represented by a majority of its other members of board and director acts honestly and fairly in matter.

3. Contract of director with his corporation is not void but voidable in a suit by corporation, or in case of neglect or refusal of board of directors to bring suit, in a suit by nonconsenting stockholders.

4. In suit to set aside contract of director with his corporation, court of equity will carefully scan whole record in search of fraud and unfair dealings with director, and if any evidence, though slight, is found, of fraud or inadequacy of consideration, contract will be set aside.

5. In suit to set aside contract of director with his corporation, if upon careful scrutiny of record it appears to court of equity that director has been open, fair and honest in his dealings with corporation, and has secured no advantage by his contract to detriment of corporation, contract will be upheld.

6. Where it is shown by competent evidence that director of corporation acted both for himself and for corporation in purchasing property of corporation, burden of proof is cast upon director to show by clear, convincing evidence that transaction was open, fair, and honestly made, and that he did not profit by such sale to disadvantage of corporation.

7. That absent director approved sale of stock owned by corporation over telephone during directors' meeting, and afterwards signed minutes of meeting at which sale of stock was made, in which two directors present were interested, did not cure defect of lack of disinterested quorum, since it is not vote alone of absent director that is necessary to constitute legal meeting.

8. Stock, property, and concerns of corporation are under management and control of directors of corporation when assembled in legal meeting, since each director is entitled to opinions and advice of each other director in determining how to vote.

9. Evidence to overcome burden of proof cast upon director contracting with corporation to show that transaction was open, fairly and honestly made, and that he did not profit to disadvantage of corporation, need not come alone from director, but may come from either side of case.

10. Court cannot by its decree cancel sale by which person acquired property, and order property so acquired to be returned, without giving him opportunity to be heard.

11. Nonconsenting stockholders could not maintain action in equity to cancel sale of stock by corporation because it was alleged to be fraudulent, without making present owners of stock purchased from original purchasers parties defendant.

*See Headnotes:  (1-5) 14a C. J. p. 83 n. 66; p. 118 n. 26, 31; p. 119 n. 32, 33, 34; (6) 14a C. J. p. 120 n. 59; (7, 8) 14a C. J. p. 84 n. 85; p. 92 n. 73; p. 108 n. 23; (9) 14a C. J. p. 163 n. 82 New; (10, 11) 12 C. J. p. 1234 n. 1; 14a C. J. p. 161 n. 43 New.

APPEAL from District Court, Fremont County; VOLNEY J. TIDBALL, Judge.

Action by Oscar W. Nicholson and others, minors, by their next friend, E. H. Luikart, against H. W. Kingery and others. From a judgment for defendants, plaintiffs appeal.

*A. C. Allen* and *O. N. Gibson*, for appellants.

Where a corporate officer contracts with his corporation, representing both himself and the corporation, it is void at the instance of the corporation without regard to its fairness or good faith. 14a C. J. 112; 4 Fletch. Cyc. 3576-3592; 26 R. C. L. 1325; Munson v. Co., 103 N. Y. 59; Smith v. Co., (Calif.) 78 Pac. 550. Transactions between a parent corporation and its subsidiary are governed by the same rules as transactions between a corporation and one of its officers. Ala. Co. v. Duberly, (Ala.) 79 So. 911; Sausalito Co. v. Co., (Calif.) 136 Pac. 57; Munson v. Co., supra; Pearson v. Co., (N. H.) 13 Am. St. Rep. 590; Iron Co. v. Coal Co., (Tenn.) 77 S. W. 774. If there is not a disinterested quorum of directors, without the presence of the interested director, the transaction is voidable. 14a C. J. 92; 4 Fletch. Cyc. 3610; Jones v. Morrison, (Minn.) 16 N. W. 854; U. S. Co. v. Reed, 2 How. Pr. 253; Mobile Co. v. Gass, 142 Ala. 520; Bassett v. Fairchild, (Calif.) 64 Pac. 1082; Burns v. Co., (Colo.) 130 Pac. 1037. Directors can bind the company only by collective action, and action by a less number than the disinterested quorum is voidable. 7 R. C. L. 439; 11 Fletch. Cyc. 428. And where a corporate officer acts for himself and the company in the purchase of its property, the sale is presumptively fraudulent. 25 C. J. 1120; Corsicana Bank v. Johnson, 251 U. S. 82; Mors v. Peterson, (Ill.) 104 N. E. 216; Smith v. Ogilvie, (N. Y.) 27 N. E. 807; McKinley v. Lynch, (W. Va.) 51 S. E. 4; Cowee v. Cornell, 75 N. Y. 91; Dawson v. Ins. Co., (Ia.) 157 N. W. 929. The law will presume suffi-

cient damages for the violation of legal rights, even
though they be incapable of exact measurement. 17 C. J.
718. The burden is upon a corporate officer who has pur-
chased corporate property to show the transaction to be
free from concealment or fraud. 26 C. J. 1120; 10 Fletch.
Cyc. 688; Gerry v. Bank, (Mont.) 47 Pac. 810; Collard v.
Hohnstein, (Colo.) 174 Pac. 597; Geddes v. Co., (Mont.)
197 Fed. 860; Ross v. Iron Co., 227 Fed. 337; Bank v.
Land, (Mont.) 174 Pac. 597. The alleged share was a frau-
dulent preference of officers of an insolvent corporation
and is voidable for that reason. 11 Fletch. Cyc. 1416; 14a
C. J. 901. The participation of the Worland Bank ren-
dered the share voidable at the option of non-consenting
stockholders. 4 Fletch. Cyc. 3633 and cases cited. There
was a lack of disinterested quorum. 14a C. J. 92. A cor-
poration cannot be bound by the action, inaction or silence
of individual directors, acting separately. 11 Fletch. Cyc.
428. Where fiduciary relation is established courts of
equity will scrutinize transactions very closely, 25 C. J.
1120 and cases cited.

*H. C. Brome* and *C. H. Harkins,* for respondents.

There is a defect of parties defendant. Mains v. Henkle,
2 Oh. Dec. 530; Shields v. Barrow, 17 How. 129. The sale
was made and ratified in a proper and legal manner by a
majority of the board of directors of Investors Corpora-
tion. Wheeler v. Co., 159 Fed. 391 (C. C. A. 8th); Cont.
Secur. Co. v. Belmont, 206 N. Y. 7. Plaintiffs must show
that they have exhausted all available means of redress
within the corporation itself. 14 C. J. 943. Stockholders
are not permitted to conduct litigation unless they have
exhausted all means to obtain, within the corporation it-
self, the redress of its grievances. Hawes v. Oakland, 104
U. S. 450. The Investors Corporation could not lawfully
purchase a majority of the shares of a state bank and con-

duct it as a subsidiary corporation. Const. Art. X; ch. 326, C. S. 1920. The judgment should be affirmed.

Before BLUME, Chief Justice, POTTER, Justice, and BROWN, District Judge.

BROWN, District Judge.

Defendant, Investors Guaranty Corporation, is a Utah Corporation, authorized to do business in this State, having its principal place of business in this State at Riverton, in Fremont County. It has seven directors, one residing in Utah, one in Omaha, Nebraska, and five at Riverton and Worland in this state. On January 7, 1924, and for a long time prior thereto it owned 183 shares of the capital stock of the Farmers State Bank at Worland, which was more than two thirds of the authorized capital stock of this bank. This 183 shares of stock was carried in the name of the defendant H. W. Kingery who was a director of and the president of both corporations. Defendant W. O. Gray was also a director of each corporation. On or about January 7, 1924, the Investors Guaranty Corporation entered into a contract with Farmers State Bank of Worland, W. H. Kingery, W. O. Gray, J. W. Pulliam, J. W. Pulliam Company, and L. E. Laird, by the terms of which the Investors Guaranty Corporation sold its 183 shares of stock, accepting in payment therefor $36,600.00 in notes from the note case of the Farmers State Bank. The purchasers of said stock, Gray, Laird, Pulliam, J.W. Pulliam Company, paying $200 per share in cash to said bank for same. On January 7, 1924, the board of directors of the Investors Guaranty Corporation ratified the sale of said stock. There were present at this meeting of the board, Kingery, Gray, Oscar Rohlff and Keating, a bare majority of the board. This was the only time this question came before this board, and we have found no evidence of sale by any one on behalf of the corporation at any other time, so whatever sale of said stock was made,

was made at this meeting. Plaintiffs are minority stockholders of the Investors Guaranty Corporation.

As soon as plaintiffs learned of the sale of this stock, they served a notice upon each corporation, upon each member of the board of directors of the Investors Guaranty Corporation and upon each of the alleged purchasers, alleging that the sale was fraudulent and void and demanding that the sale be rescinded or that proceedings be immediately instituted by the Investors Guaranty Corporation for the cancellation of said sale. The Investors Guaranty Corporation failing to bring suit as requested to do, the plaintiffs bring this action alleging that the defendants conspired together for the purpose of defrauding the plaintiffs; that some of the notes accepted in payment of said stock were worthless and all of them greatly less in value than the said stock; that the alleged sale and transfer of said stock was fraudulent and void, and praying for the cancelling and setting aside of said sale and the return of said stock. Defendants answered, admitting the sale, denied the conspiracy, denied that they acted wrongfully or fraudulently, denied that the notes taken in payment for the stock were worthless. Defendants also allege that plaintiffs ought not to maintain its said cause of action for that there is a substantial defect of parties defendant herein, in that D. J. Hundahl, E. Y. Booker, G. R. Kirkpatrick, E. V. Bowen, Ray F. Bower, Earl T. Bower, purchasers of a portion of the 183 shares of stock in controversy in the action have not been made parties defendant or sued in this action. Plaintiffs in their reply deny the new matter in the answer, admit some matters, deny on information and belief the sale of a part of the 183 shares of stock to D. J. Hundahl, E. Y. Booker, G. R. Kirkpatrick, E. V. Bower, Ray F. Bower and Earl T. Bower, or that they have any right to or any interest in said stock, and allege that any right to or in-

terest in said stock was bought with full knowledge of the alleged fraudulent sale.

In the trial of the case below plaintiff failed to show conspiracy or any actual fraud, or that D. J. Hundahl, E. Y. Booker, G. R. Kirkpatrick, E. V. Bower, Ray F. Bower and Earl T. Bower or either of them had any knowledge of any fraud, actual or constructive or any unfair dealings on the part of the purchasers of said stock from the Investors Guaranty Corporation. At the close of plaintiffs' case, defendants moved for judgment in their favor on the ground that plaintiffs had failed to prove the allegations of their petition. This motion was sustained, and judgment entered accordingly.

The case comes to this court on direct appeal.

The plaintiff rely in this court for a reversal of the judgment of the trial court upon the ground of constructive fraud; that because of the fact that Kingery and Gray were directors in 'both corporations, and Gray was purchasing part of the 183 shares of stock sold and Farmers State Bank of Worland of which Kingery was president was profiting by receiving the cash for the sale of the stock in exchange for notes that were admitted to be "slow," and both Kingery and Gray were necessary to constitute a quorum of the Board of directors of the Investors Guaranty Corporation on January 7, 1924; that the meeting was without a legal quorum and the sale presumptively fraudulent, and should be set aside by a court of equity in a suit by the Investors Guaranty Corporation, or on its failure or refusal to act in a suit by the non-consenting stockholders.

This proposition readily divides itself into two questions: Whether the vote of an interested director can be counted on a matter before the board in which he has an interest adverse to the company, and whether an interested director can be counted in making up a quorum to act on such question.

The directors of a corporation are its agents, and in their dealings with and for the corporation are held to the same strict rule of honesty and fair dealing between themselves and their principal as other agents. They may contract with their principal where the dealings are open, known to the principal and above suspicion.

We understand the better authority to be that a director may contract with his corporation when the corporation is represented by a majority of its other members of the board, and he acts honestly and fairly in the matter. There is a wide divergence of opinion on the question, extending from the proposition that a contract made by a director with the corporation where he acts both for the corporation and himself is absolutely void, to the proposition that it is valid. When this range of authority is carefully digested, the better view, and perhaps sustained by the weight of authority is that such a contract is not void but voidable in a suit by the corporation, or in case of the neglect or refusal of the board of directors to bring such a suit in a suit by the non-consenting stockholders. Wainworth v. H. P. & F. M. Roots Co., 97 N. E. 8. In such a suit a court of equity will carefully scan the whole record in search of fraud and unfair dealings by the director, and if any evidence, though slight, is found of fraud or inadequacy of the consideration, the contract will be set aside. The converse of the above also is true: That if upon a careful scrutiny of the record it appears to a court of equity that the director has been open, fair and honest in his dealings with the corporation, and has secured no advantage by his contract to the detriment of the corporation it will be upheld. Bently v. Zelma Oil Co., 184 Pac. 131. The court in the above case says: "While there is a seeming divergence of opinion on the point as to whether such contracts are absolutely void or merely voidable, (10 Cyc. 809) yet when the most widely divergent opinions are analyzed and the facts upon which they are

based are taken into consideration, there is but little real conflict after all. The views taken by the different courts, which seemingly have established two lines of authority seem to have been actuated mostly by the particular facts which they were dealing rather than by the distinctly different rules of substantive law. As is said in 10 Cyc. 810. 'But perhaps there is no essential difference between this view and the former.' The authorities are in harmony that the question of the burden of proof in such cases is on the trustee to show that his purchase was in good faith; they are in harmony in holding that a director of a corporation or a trustee of any character will not be permitted to purchase the property of his *cestui quo* trust and profit by such purchase to the detriment of his *cesti-que* trust; they are in harmony in holding that where the director votes for the sale of corporation property to himself, such sales are subject to the severest scrutiny by the courts of equity and that the burden is upon such director to show by clear proof that his purchase was in entire good faith; and they are in harmony in holding that stockholders may maintain an action to set aside this character of contracts.''

Since in this case the defendant directors offered no testimony to overcome the presumption of fraud imposed upon them by law from the fact that they were acting both for themselves and the Investors Guaranty Corporation, we need go no farther than to hold that when it is shown by competent evidence that a director of a corporation acted both for himself and for the corporation in purchasing the property of a corporation, that the burden of proof is cast upon him to show by clear, convincing evidence that the transaction was open, fair and honestly made and that he did not profit by such sale to the disadvantage of the corporation.

At the meeting of the Board of Directors January 7, 1924, only four of the seven directors were present, and it

was necessary therefore to count the two interested directors to make a quorum to do business. Some courts have apparently laid down a more stringent rule in such case, than in the case of a director acting for both himself and the corporation. It has been said that the interest of a director in such case automatically removes him from the position of director to that of a stranger and when he is so removed from a bare quorum the quorum is broken and the meeting disqualified to do that particular business. Burns v. National Mining and Tunnel Land Company, 130 Pac. 1037. We think however on principle that the same rule applies as in the case of a director voting on a matter in which he is interested when his vote is necessary to constitute a majority.

During the directors' meeting of January 7, 1924, Oscar Rohlff telephoned Henry Rohlff at his home in Omaha and secured in that way his approval of the sale of the 183 shares of stock. The minutes of the meeting were afterwards sent to him and were signed by him there.

The defendants attempt to meet the objection that it was necessary to count the votes of interested directors and the lack of a disinterested quorum by this fact. We think, however, that this does not cure the defect. It is not the vote alone, of an absent director that is necessary to constitute a legal meeting. It is not the opinion of a majority of the board of directors acting as individuals that constitutes the act of the corporation, but the view and vote of a majority in meeting assembled. The stock property and concerns of a corporation are under the management and control of the directors of a corporation, when assembled in a legal meeting. Raish v. Orchard Canal Co., 218 Pac. 655. The reason for this is that each director is entitled to the opinions and views of each other director in determining how to vote. There is some authority to the contrary, but this is based upon the peculiar facts in the case. We think this rule is the better

view and sustained by the weight of authority. State of Wyoming ex rel. Chas. Van Patten, et al. v. L. N. Ellis, et al., 259 Pac. (Wyo.) 812; 14A C. J. 84, note 85, and cases there cited. Flick v. Jordan, et al., 129 N. E. (Ind.) 42; Sargent & Co. v. Heggen, et al., 19 N. W. 506.

The evidence shows that the book-value of the stock in question was $200 per share, notes, the face value of which equaled the $200 book-value of the stock, were received in exchange therefor. In the resolution adopted by the board of directors January 7th, ratifying the sale of this stock, the secretary was directed to write each stockholder that he could buy within the next thirty days at $200 per share such portion of this stock as his holdings in the Investors Guaranty Corporation bore to the whole stock of said company. None of the plaintiff stockholders availed himself of this offer. Henry Rohlff was the largest stockholder in the Investors Guaranty Corporation. He signed the minutes of January 7th and thereby approved the same. Without deciding the point, it may be that this evidence is sufficient to overcome the burden of proof cast upon the interested directors by law, by reason of the fact that they were acting both for themselves and the corporation. It is not necessary, of course, that the evidence to overcome such burden should come alone from the defendants. It may come from either side of the case. But however that may be, the case may be determined upon another question.

The minutes of the directors meeting of January 7, 1924, approved and ratified the sale of the 183 shares of stock of the Farmers State Bank of Worland to W. O. Gray, D. T. Pulliam Company, J. W. Pulliam, and L. E. Laird. The stock book of the Farmers State Bank of Worland shows that this stock was transferred from H. W. Kingery, Trustee, to E. Y. Booker, D. T. Pulliam Company, J. W. Pulliam, W. O. Gray, and L. E. Laird. A part of the stock received by Booker was sold and trans-

ferred to B. J. Hundahl before this suit was brought. A part of the stock received by W. O. Gray in this transaction was sold to E. V. Bower, Ray F. Bower, Earl T. Bower, and G. R. Kirkpatrick before this suit was brought. Each of these parties paid $200 per share for this stock in cash and so far as the record goes none of them knew anything about the directors meeting of the Investors Guaranty Corporation of January 7, 1924, or of the constructive fraud in the sale of the 183 shares of stock from H. W. Kingery, Trustee, to Gray, Pulliam Company, Pulliam and Laird. Neither E. Y. Booker, B. J. Hundahl, E. V. Bower, Ray F. Bower, Earl T. Bower, or G. R. Kirkpatrick was made defendant in this case. Defendants in their answer plead that the "plaintiff ought not to maintain its cause of action for that there is a substantial defect of parties defendant," and names the parties mentioned above as purchasers of a portion of the stock in question, and they were not made parties defendant. Defendants are now urging in this court the defect of parties defendant as a reason why the action cannot be maintained by plaintiff and therefore the judgment of the lower court should be affirmed.

Is the present owner of the property involved, a necessary party to a suit in equity to cancel a sale of such property because fraudulent? It should be noted that while the minutes of the directors meeting of January 7, 1924, recite Gray, Pulliam Company, Pulliam and Laird as the purchasers of the 183 shares of stock, the stock book indicates that E. Y. Booker was also one of the original purchasers at that sale. The stock he purchased was transferred direct from Kingery, Trustee, to him. The plaintiff prayed that the sale of the stock be cancelled and annulled and the purchasers be required to return same to the Investors Guaranty Corporation. It would seem to be elemental that a court could not by its decree cancel the sale by which a person acquired property and order

the property so acquired to be returned without giving him an opportunity to be heard. The United States Supreme Court in Shields v. Barrow, 17 How. 129, defined necessary parties as "persons who not only have an interest in the controversy but an interest of such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience." The court in Lawrence v. Long Beach Pleasure Pier Co., 186 Pac. 606, says: "The M. M. & W. Syndicate, not having been made a party to this action and it being found to be the owner of this note, it is obvious that that part of the judgment directing the cancellation of the note cannot stand." In a recent case the Oregon Court went fully into the question of whether or not the purchaser of property from the grantee where the original transaction was tainted with fraud was a necessary party, quoting from the opinion: "It is a rule universally recognized that in a suit for the avoidance or cancellation of a deed, the successor in interest of the grantee is an indespensible party defendant. Wait on Fraudulent Conveyance, (3 Ed.) Sec. 131; Bump on Fraudulent Conveyance, (2nd Ed.) Sec. 536. Cook v. Lake, 50 App. Div. 921, 63 N. Y. Sup. 818; Sage v. Mosher, 28 Barb. (N. Y.) 287, 289; Hammond v. Hudson River Co., 20 Barb. (N. Y.) 378, 383; Gray v. Schenck 4 (N. Y.) 460; Stilwell v. Stilwell, 47 N. J. 275, 20 Atl. 960; 24 Am. St. Rep. 408; Terhune v. Sibbold, 55 N. J. Eq. 236, 37 Atl. 454; Simon v. Ellison, 90 Va. 157, 17 S. E. 836; Smith Demmick Co. v. Teague, 119 Ala. 385, 34 S. E. 658, 660, 76 Am. St. Rep. 551; Low v. Pratt, 53 Ill. 438." State v. Hyde, 169 Pac. 757.

The case of Talbott v. Letherbury, 92 Md. 166, 408 Atl. 733, was a suit to set aside a deed alleged to have been given in fraud of the grantors creditors. The deed created a trust in favor of grantors children. The court held that these children were necessary parties defendant.

The syllabus in the case of Altfather v. Bloom, 188 N. W. (Mich.) 428, reads: ''In an action to set aside a deed made by the plaintiff to defendant, the case cannot be adjudicated where a subsequent grantee from defendant is not made a party to the suit.''

It was held by the court in the case of Brown v. Brown, that where the testator left his property by deed to his children for life and in case of a child's death, his interest should go to his heirs and devisees, that an action to cancel the deed as a cloud upon the title of the testator could not be maintained without making the grandchildren of the testator parties defendant. 33 L. R. A. 816. (Ga.)

We think, therefore, that the plaintiff could not maintain this action without making Booker, Hundahl, Kirkpatrick, E. V. Bower, Earl T. Bower and Ray F. Bower, parties defendant.

The decision of the lower court in finding for the defendants at the close of plaintiffs case was right and must be affirmed.

*Affirmed.*

BLUME, Ch. J., and POTTER, J., concur.